THE FIRST NATIONAL BANK OF FRANKFORT, KANSAS, *et al.*, v. THE FIRST NATIONAL BANK OF WESTMORELAND, KANSAS.

PROMISSORY NOTE—*Chattel Mortgage—Interplea—Review—Defect of Parties Defendant—Dismissal.* Where, in an action brought against the three makers of a promissory note and against whom a personal judgment is subsequently rendered, certain personal property belonging to the principal debtor is attached, and third parties who claim liens on the attached property by virtue of certain chattel mortgages thereon given to secure the payment of promissory notes executed by the principal debtor and one of his co-defendants to such third parties, upon leave of the court, interplead in said action, and upon the trial between the plaintiff and the interpleaders the attachment is sustained, and the proceeds of the attached property are, by the court, ordered to be applied in payment of the judgment rendered in the action in favor of the plaintiff and against all of the defendants, such judgment cannot be reviewed by an appellate court, when the judgment-debtor, who was not liable to the interpleaders, and whose rights will necessarily be prejudiced by a reversal or modification of the judgment complained of, is not made a party to the proceedings in error.

MEMORANDUM.—Error from Pottawatomie district court; WILLIAM THOMSON, judge. Action upon a promissory note. Judgment for plaintiff, the First National Bank of Westmoreland, Kansas. The defendants, the First National Bank of Frankfort, Kansas, and P. P. Thomas, bring the case here. Dismissed. The opinion, filed September 18, 1895, contains a sufficient statement of the case.

*W. J. Gregg*, for plaintiffs in error.

*R. S. Hick*, for defendant in error.

The opinion of the court was delivered by

CLARK, J. : On August 26, 1890, the defendant in error commenced its action in the district court of

Pottawatomie county against J. D. Landrum, Mary A. Landrum, and James Osborn, upon a promissory note for $1,790, dated December 11, 1889, payable three months thereafter, executed by the defendants to A. B. Pomeroy, cashier of the First National Bank of Westmoreland, and in said action certain property belonging to the defendants was attached. On September 23, 1890, the plaintiff filed its motion for an order of sale of said personal property, "because of its perishable nature, because of its being live stock, and because of the cost of keeping it." On September 26, 1890, the plaintiffs in error filed their separate motions in said cause for leave to interplead, each claiming an interest in and to the property attached, by virtue of certain chattel mortgages thereon, which motions were allowed by the court. On October 1, 1890, an order was issued for the sale of the property attached, and said property was sold thereunder, the proceeds thereof amounting to less than the amount of the plaintiff's claim upon which suit was brought in this action. The First National Bank of Frankfort filed its interplea, and therein claimed a lien on certain of the property attached under a chattel mortgage executed by the defendant, J. D. Landrum, to the defendant, James Osborn, to secure the payment of a note of $1,200, and alleged that said note had been assigned to it as collateral security for the payment of a note for $1,643.28, signed by J. D. Landrum and James Osborn, and prayed judgment in its favor against the defendant, J. D. Landrum, for the amount due on said collateral note and mortgage, and that the same be declared a first lien on said property; that it be given possession of said property, or, in default thereof, that it have judgment against the plaintiff for its value, which

was alleged to be $522.   P. P. Thomas, in his interplea, claimed a lien on certain of the personal property attached, by virtue of a chattel mortgage executed by J. D. Landrum to the defendant James Osborn to secure the payment of a note due the latter for $2,100, which was assigned to P. P. Thomas and A. B. Pomeroy as collateral security to certain notes owned by Thomas amounting to $522.22 and interest thereon, against J. D. Landrum, James Osborn, and one C. M. Osborn, and one note owned by A. B. Pomeroy, cashier, for about $1,750, signed by J. D. Landrum and James Osborn, and alleged that by the terms of said assignment the proceeds of the sale under the mortgage were to be applied to the payment of these notes *pro rata;* and Thomas asked judgment against J. D. Landrum and James Osborn for the amount due on his notes, and that such judgment be declared a lien on the property covered by said mortgage, which was taken in attachment; that he be given possession of said property, or, in default thereof, that he have judgment against the plaintiff for its value.

To these interpleas the plaintiff answered by a general denial, and also alleged that the debt, for the recovery of which said action was brought against J. D. Landrum, Mary A. Landrum, and James Osborn, is the same debt as that referred to in the assignment of the $2,100 note, a copy of which was attached to the interplea filed by Thomas.   A trial was had in said cause on the issues joined between the interpleaders and the plaintiff by the court without a jury.   It appears from the record that the court found the issues in favor of the plaintiff, and rendered judgment in its favor and against the interpleaders for costs ; that the attachment was sustained ; and that as between the interpleaders and the plaintiff, the chattel mortgages

created no lien on the property attached. That portion of the journal entry relating to the disposition of the proceeds of the attached property reads as follows :

"And it is further ordered that the proceeds of the sale of the attached property therein, sold under the former order of this court and now in possession of and held by the clerk and sheriff of this court, be applied on the judgment of this plaintiff herein obtained against the defendants, J. D. Landrum, Mary A. Landrum, and James Osborn : First, to the payment of the costs of said judgment, and then, that the balance be paid over to this plaintiff as a credit on its said judgment, and that the clerk and the sheriff are directed to pay over said money in accordance herewith, to which rulings, orders and decrees of the court, the interpleaders, at the time, excepted and except."

The plaintiffs in error complain of this judgment, and seek a reversal thereof. The defendant in error insists that there is a defect of parties defendant, and that by reason thereof this court is precluded from reviewing said judgment. By this judgment, the proceeds of the sale of the property in controversy were ordered to be applied to the payment of a judgment rendered against Mary A. Landrum and others. Mary A. Landrum is not liable upon any note held by either of the interpleaders, and it is to her interest that the judgment of the court below should not be disturbed. The proceeds of the sale of the attached property were insufficient to satisfy the plaintiff's claim. If the judgment complained of by the plaintiff in error were reversed or modified, the liability of the defendant, Mary A. Landrum, to the defendant in error would be correspondingly increased. Any modification of said judgment which would in any manner subject the attached property to the payment of the claims of plaintiffs in error, would be prejudical

to the rights of Mrs. Landrum, and as she is not made a party to this proceeding in this court, a review of the judgment of the trial court cannot be had, and the petition in error must be dismissed.

All the Judges concurring.