TRUE RICHARDSON v. THE GREAT WESTERN MANU-
FACTURING COMPANY.

No. 56.

1. COURTS OF APPEALS—*Necessary Parties.* A case in this court will be dismissed for want of necessary parties only when it is made to appear that the decision of the court might prejudicially affect the rights or interests of some person not before it.

2. CONTRACT—*Warranty Construed.* A. enters into a contract with B. by the terms of which A. agrees to furnish some new machinery and put it with the old machinery already in the mill of B., and is to remodel said mill, and agrees to change it so it will do certain things; B. agrees to accept and settle for it when the mill fulfils the agreement of A. *Held,* That B. is not bound to accept and settle for it, and is not in default in the payments contracted for, until it fulfils the agreement.

3. ———— *Conditional Sale — Right of Possession.* Where such contract provides for the conditional sale of the new machinery, and stipulates that the title to the same shall remain in A. until fully paid for, and that, upon default of any of the payments, A. may take such machinery into his possession, *held*, that the title remains in A. until full payment is made, but that A. is not entitled to the possession thereof until default is made in the payments.

4. ———— *Warranty —Oral Evidence.* Where one of the recitals in a written contract is : "It is expressly agreed that no warranty or verbal or other understanding of any kind exists in regard to this contract or to said machinery other than what is herein expressly stated," it is error to permit the introduction of evidence of an oral warranty by either party to said contract.

MEMORANDUM.— Error from Sumner district court ; JAMES A. RAY, judge.   Action in replevin by The Great Western Manufacturing Company against True Richardson and others.   Judgment for plaintiff.   Defendant True Richardson brings the case to this court.   Reversed.   The opinion herein, filed February 6, 1896, states the material facts.

*A. E. Parker*, for plaintiff in error.

*Baker, Hook & Atwood*, and *James Lawrence*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : A motion has been filed by the defendant in error to dismiss this case because the necessary parties have not been brought into this court. None of the defendants below has been brought here as parties except Richardson, and it is claimed that the others are necessary to the determination of this suit.   This is purely a jurisdictional question.   Before a court can adjudicate the rights of a person, or disturb him in the enjoyment of his property, or take from him any privilege he now legally has in relation thereto, it should have jurisdiction over the person and

the property sought to be disturbed.  When the question of jur*a*diction is brought before us, we must consider the *status* of all the other parties to the controversy and how their rights may be affected by our decision.  If. their rights can be prejudicially affected by any decision we may make, then we must have jurisdiction of the persons before we can adjudicate their rights.  If the record shows that they have no interest or concern in the subject-matter of the suit, and their interests can in no way be jeopardized by the reversal or modification of the judgment, it is not necessary for this court to obtain jurisdiction over them in order to adjudicate the rights of the real parties in interest as to the subject-matter in controversy. Because a person is made a party upon either side of an action, it does not necessarily follow that jurisdiction of such a person is necessary to the full determination of the subject-matter of the suit.

We may say in this connection that the dismissal of cases over the protest of the plaintiff in error is not favored by this court.  The motion therefor will be granted only when the defendant in error has a clear legal right to demand it.  This plaintiff in error has been to considerable expense, and has been endeavoring for about six years to obtain a legal adjudication of the controversy between himself and the defendant in error, and we do not think this court should summarily throw his case out of court unless a clear legal reason is shown therefor.  A case in this court will be dismissed for want of necessary parties only when it is made to appear that the decision of the court might prejudicially affect the rights or interests of some person not before it.

We have carefully examined the decisions of our supreme and appellate courts, and are satisfied that

that is as far as they ever intended to hold. Such seems to be the ruling of the supreme court in *Ex parte Polster*, 10 Kan. 204; *Ferguson v. Smith*, 10 id. 394; *Armstrong v. Durland*, 11 id. 15; *Hodgson v. Billson*, 11 id. 357; *Bassett v. Woodward*, 13 id. 341; *The State v. Cummerford*, 16 id. 509; *Richardson v. McKim*, 20 id. 346; *Browne's Appeal*, 30 id. 331; *Wilson v. Price Raid Aud. Com.*, 31 id. 261; *Stationery Co. v. Hentig*, 31 id. 317; *McPherson v. Storch*, 49 id. 313; *Paving Co. v. Botsford*, 50 id. 331; *Steele v. Baum*, 51 id. 165; *Loan Co. v. Lumber Co.*, 53 id. 677; *Norton v. Wood*, 55 id. 559; *Investment Co. v. National Bank*, 56 id. 49; and the same seems to be the ruling of the courts of appeals in *Bain v. Conn. M. Life Ins. Co.*, ante, p. 346; *Bonebrake v. Ætna Life Ins. Co.* [post], 41 Pac. Rep. 67; *National Bank v. National Bank*, 1 Kan. App. 159. To hold that the rights of the real parties to a controversy cannot be adjudicated by a court because some person not before it may be incidentally benefited by a modification or a reversal of the judgment, would be to apply the rule when the reason for it did not exist.

In the case at bar, Horace Pardee, Eugene Pardee, Emma Pardee and A. G. Forney were made defendants in the court below and were not made parties in this court. Therefore, it will be necessary to inquire into what rights they have in the property in controversy, and how their rights might be injuriously affected by a reversal or a modification of the judgment rendered herein. This action was brought to recover the possession of specific personal property. No damage for its detention is claimed. No one claims to own or control or detain the property adverse to the alleged rights of the plaintiff below except Richardson. No demand was ever made upon Horace or Eugene Pardee for the property. When the demand

was made upon A. G. Forney and Emma Pardee, they both told the person who made the demand to go and take the property. No one detained the property from the defendant in error except Richardson. The gist of the action of replevin is the wrongful detention. The action should have been brought against Richardson only. The fact that other parties who did not detain the property were made parties defendant certainly should not now be a ground for dismissing the case. Suppose none of these persons had been. made parties in the court below, and the necessary steps had been instituted to make them parties : can it be contended that the trial court should have ordered it done after the court was convinced that not one of them had wrongfully detained the property in controversy from the possession of the plaintiff below? Certainly not. At the trial of this case in the court below, the defendant in error did not claim that any one except Richardson had detained the property or was interested in this controversy. In the statement of the case to the jury the defendant's attorney made the following statement : .

" The real controversy in the action is between True Richardson, alone, and the plaintiff, the Great Western Manufacturing Company ; the other parties are simply made defendants because they are supposed to have more or less connection with the subject-matter of the controversy. The real merits or gist of the business is between Richardson and the plaintiff."

Counsel for defendant in error contends that as Horace Pardee signed the original contract and notes he will be injuriously affected by a modification or reversal of the judgment. This is not an action to foreclose a lien or to recover the amount due upon the notes and contract. It is an action in replevin to

recover the personal property.   It is true that Richardson alleged a breach of the contract by the manufacturing company, by reason of which no payment became due, and that, therefore, his detention of the property was not wrongful ; but certainly Pardee's interests cannot be jeopardized by a reversal or modification of this judgment.   Richardson is the owner of Pardee's interest in the mill, and Pardee has no interest in the machinery.   We must refuse to dismiss this action upon the first ground set forth in the motion.

The other ground of the motion to dismiss is that the case made does not contain such recitations as are necessary to challenge the attention of this court, because it does not state that it contains all the motions, journal entries, orders of the court, and other proceedings.   The record recites that the case was tried upon the issues joined in the pleadings therein set forth, and that the proceedings therein indicated were had. The allegations as to evidence, objections, exceptions and all the rulings of the court thereon are certainly complete.   The allegations as to the instructions refused and given, the special interrogatories and verdict, the motion for a new trial and the action thereon, the judgment and the journal entry all seem to be sufficient.   The record is at least sufficient to show some of the errors complained of, and we will examine the material ones.   If, however, we find the record deficient so far as it relates to any assignment of error, we will not pass upon such error.   We will now proceed to an examination of this case upon its merits.

The defendant in error brought this suit in the district court to recover the possession of certain milling machinery it had placed in the mill of Richardson and Horace Pardee.   As an evidence of its ownership,

it attaches to its petition a copy of the following contract entered into between it and Richardson & Pardee :

"An agreement, made this 4th day of November, A. D. 1887, between Great Western Manufacturing Company, Leavenworth, Kan., of the first part, and Richardson & Pardee, of Belle Plaine, county of Sumner and state of Kansas, of the second part, as follows : The party of the first part, in consideration of the premises and agreements, and on the condition hereinafter contained, do agree to sell to the party of the second part the following-described machinery, which is to be located as follows — contract subject to approval of the Great Western Manufacturing Company : In their mill, near Belle Plaine, Kan.

"The parties of the second part are to deliver said machinery from the depot in Belle Plaine into said mill free of charge to the parties of the first part. The parties of the first part agree to place the said machinery, which is specified in memorandum attached hereto, in said mill in a workmanlike manner, and guarantee each and every piece of it to be first class in every respect, and, when so placed in connection with the machinery now in use in said mill, to constitute a mill of about 40 barrels' capacity in 24 hours' run, which will produce as good grades of flour from like grades of wheat as any mill in the state of Kansas. It is agreed by the parties hereto that the parties of the first part are to control and use free of charge any or all of the machinery now in said mill that they may deem suitable in overhauling said mill, but no less new machinery than hereinafter specified. It is agreed by the parties of the second part that they will furnish good No. 2 soft wheat with which to test said mill when completed. The parties of the first part agree to furnish the machinery, etc., specified, pay all freights, millwright work, hardware, tin and tinners' work, and complete the job in about 40 days from the time the machinery is delivered into the mill, for the sum of $3,300, to be settled and paid as hereinafter provided. The parties of the first part have nothing

to do with moving the water-wheel to new location. It is agreed by the parties of the second part that they will promptly accept and settle for said mill as per the terms of this contract, so soon as the parties of the first part shall have fulfilled their guaranty. It is further agreed by the parties of the first part, that said mill shall make a barrel of flour from five bushels of good, 60-pound soft wheat. Said machinery to be delivered on board cars in the city of Belle Plaine. Said sale to be made on the payment by the second party therefor of the sum of $3,300, as follows : $500 cash down ; $500 subject to check when machinery arrives ; $1,000 in 9 months' note ; $1,300 in 14 months' note. Such deferred payments to bear interest from the time such machinery shall be ready for delivery, pursuant thereto, at 10 per cent. per annum, for which deferred payments notes satisfactory to the first party, in the several amounts and at the several times of payment, and with such interest as above specified, and current rate of exchange on Leavenworth, shall be given ; all of such notes to be made payable at Belle Plaine Bank, and to bear date on the ——— day the mill is accepted, 18—, and on making such cash payment and delivery of such notes, said machinery to be controlled by the party of the second part, subject to the condition hereof. In case of any defect in material or workmanship of said machinery, the party of the first part will make the same good at their shops without charge ; and should it not perform as well as is customary for machinery of like size and proportions, the second party is to notify and give the first party a reasonable chance to make the same perform in a proper manner. It is expressly agreed that no warranty or verbal or other understanding of any kind exists in regard to this contract, or to the said machinery, other than what is herein expressly stated, and all claims for damages must be presented in writing within 60 days from the delivery of such machinery. Said machinery shall have proper care and attention while in the charge of the party of the second part; and the party of the second part shall

insure such machinery in the sum of $2,300 for the benefit of the party of the first part.

"And it is hereby stipulated, and it is the express condition of this agreement of sale and purchase, that until full and complete payment of the purchase-money herein mentioned, and the interest thereon, whether such purchase-money or any part of it is evidenced by said promissory notes, or any renewal thereof is made, the title, ownership and right of possession of said machinery does not pass from the party of the first part, and said first party may, at any time after default of any payment and agreement heretofore mentioned, reduce the same to possession, and for the purpose may, with or without legal process, enter upon any premises where the same or any part thereof may be, and may sever and detach the same, or any part thereof, from any freehold, land, tenement, appurtenances or fixtures to which the same may be attached, whether the same has become a part thereof or not because of such attachment, and may remove the same, and have, hold and retain possession thereof, with full right thereafter to use, sell or dispose of the same for their sole use and benefit; and upon the taking of such possession, all and every claim to or upon, or interest in, or right of possession of the said machinery, or any part thereof, by the said party of the second part, or his assigns, shall cease, end, and determine, and any part of the purchase-money which shall have been paid shall be forfeited to the party of the first part, and no claim therefor shall be made or maintained by the party of the second part.

GREAT WESTERN MAN'F'G Co.
*By Jos. W. Wilson.*
RICHARDSON & PARDEE.
TRUE RICHARDSON.
HORACE PARDEE."

The memorandum of machinery is as follows:

"For Richardson & Pardee, Belle Plaine, Kan. From Great Western Manufacturing Company, Leavenworth, Kan., November 4, 1887.

"Remodel old mill to 40 to 50 barrels. Old ma-

chinery to be used. One Allis 8-roll mill, with 2 pair 9x8 corrugated ; 1 pair 9x12 corrugated, for 3 breaks ; 1 pair 9x12 smooth. One No. 5 Smith centrifugal. One No. 2 Excelsior purifier. One No. 0 Smith purifier. One No. 1 California brush smutter—new brush. Eleven elevators ; water-wheel, shafting, pulleys, gearing, sprockets, chain, and other items. Richardson & Pardee to reset water-wheel, put building in proper condition, dig out basement, etc., below grinding floor. New machinery."

And then follows a list of the machinery in controversy. Said manufacturing company alleged a compliance upon its part with the terms of the contract, and a failure upon the part of Richardson & Pardee to pay a part of the contract price, and also alleged a demand for the return of the property.

Richardson answered by a denial of all the allegations of the petition except such as are therein specially admitted. He admits the execution of the contract, and that the manufacturing company partially performed its part of said contract, but only to the extent of shipping the machinery to Belle Plaine and placing it in the mill. He alleges that the mill, when completed by said manufacturing company, wholly failed to perform the things which it had been warranted to perform by said manufacturing company in said contract, and said company failed and refused to make it so perform, although notified to do so ; also, that the machinery furnished was not of the quality represented by said company in said contract; that, after a final test of the mill, the firm of Richardson & Pardee notified said manufacturing company that the mill had wholly failed to comply with the conditions of its warranty, and that they refused to accept the same, and that it must make the mill comply with the terms of the warranty, or remove its machinery

from the mill and pay the damages they had sustained and return the money paid; also, that said company fails and refuses to comply with the conditions of said notice; and also alleges damages to the mill because of the changes made in it by said manufacturing company. The company filed a reply, in which it alleged that Richardson & Pardee represented and guaranteed that the power to run the mill, after the machinery, etc., was placed in it, would be a wheel running under a 10-foot head of water and that there was sufficient water for a 10-foot head, and that the contract was based upon said guaranty, and that the failure of the mill to do as guaranteed was because of such lack of power. The case was tried with a jury, and they returned a verdict for the manufacturing company and judgment was rendered thereon. Richardson brings the case here for review.

An examination of the contract shows that the manufacturing company agreed to furnish first-class, new machinery (not less than the itemized list), and remodel the mill by using it and whatever of the old machinery in the mill it desired, and was to do the work in a good, workmanlike manner. It agreed that the mill when completed, as they agreed to remodel it, should constitute a mill of about 40 barrels' capacity in 24 hours' run, which would produce as good grades of flour from like grades of wheat as any mill in the state of Kansas, and that said mill should make a barrel of flour from five bushels of 60-pound soft wheat.

The things to be done by Richardson & Pardee were, to furnish the original mill, haul the machinery from the station to the mill, reset the water-wheel, put building in proper condition, dig out basement, etc., below grinding floor, to furnish good No. 2 soft wheat to test said mill when complete, and promptly to

accept and settle for said mill as per the terms of the contract as soon as the party of the first part shall have fulfilled its guaranty.

The issues raised by the pleadings relate to these agreements. The defendant alleges full compliance upon its part and nonpayment of part of the contract price upon the part of the plaintiff in error. The plaintiff in error denies that the defendant in error has ever fulfilled its guaranty, and hence he is not bound to accept and settle for the same, but that he is entitled to damages because of such failure. The defendant in error in its reply claims that the reason that it did not fulfil its guaranty was because Richardson & Pardee did not furnish a 10-foot head of water, as they had agreed to do, and that the water-wheel had been improperly set. These questions were all properly in issue, and the evidence and instructions should have been applied to them.

The real question is, Had default been made in the payment of the contract price? If it had, then the manufacturing company, by the terms of the contract, had the right to possession of the property in controversy. The contract stipulates that the title shall remain in it until full payment is made, and upon default in any payment it may take possession. The title, therefore, is still in the manufacturing company. If default has been made in any payment of the contract price, it is entitled to the possession of the machinery it furnished; but if no default has been made in any such payment it is not entitled to the possession of the machinery.

Richardson & Pardee were to accept and settle when the manufacturing company had fulfilled its guaranty. Until it had done so, Richardson & Pardee were not liable for any sum other than the first two

payments of $500 each, and they were to have been made before the machinery was put into the mill. The manufacturing company should not have been permitted to introduce oral evidence to establish its claim of a breach of warranty as to the head of water to run the wheel. It relies upon a contract in writing, and that contract stipulates that

"it is expressly agreed that no warranty or verbal or other understanding of any kind exists in regard to this contract, or to the said machinery, other than what is herein expressly stated," etc.

There is no warranty in the contract as to power. Its terms cannot be varied or contradicted by either party to said contract.

The notes which were given by Richardson & Pardee seem to have been given before the mill was completed, and cannot be held to absolve the manufacturing company from fulfilling its guaranty. The contract in this case must be construed as a whole. Each party must do all the things it agrees to do. Neither party can partially perform his part of the contract and then refuse to proceed further unless some condition precedent to be performed by the other party has not been performed. We think the sale under this contract was a conditional sale, and that the title to the machinery will never vest in Richardson until payment is made. We think, also, that this machinery was sold under certain other conditions, among which are that the manufacturing company will put it with certain other machinery in said mill, and that said company will make the mill do certain things before it can demand an acceptance and settlement from Richardson & Pardee. Until the guaranty is fulfilled there is no default in the payment of the contract price. Until default in such payment is

made the manufacturing company is not entitled to the possession of the machinery. It would be unjust to say that the manufacturing company might proceed under the contract and tear out and work over and destroy the old machinery in the mill and partially perform its contract, and, when it found that the mill would not do the things that it had guaranteed it should be made to do, that it will be permitted to take out the machinery, and thereby practically destroy the value of the mill.

The court gave to the jury the following instruction:

"You are further instructed that, under the terms of the contract of sale which was executed by the parties to this suit, the plaintiff would be entitled to the immediate possession of the property if the notes were not paid at maturity, whenever the plaintiff made a demand upon the person having possession of the property."

All through the trial of the case the court proceeded upon this theory. It refused to permit the introduction of evidence of any breach of the contract, except breach of payment by the plaintiff in error. This was prejudicial error. This expression of our views renders it unnecessary for us to examine the assignments of error in detail. We may mention, however, that a sufficient demand was made upon Richardson for the return of the property.

The judgment of the district court is reversed, and the case is remanded for a new trial.

All the Judges concurring.