THE HYDRAULIC PRESS MANUFACTURING COMPANY
v. J. H. WHETSTONE.
No. 12,407.  (66 Pac. 989.)

SYLLABUS BY THE COURT.

CONDITIONAL SALE—*Right of Possession—Replevin.*  Where a machine is sold upon the condition that title shall remain in the seller until full payment is made, and possession is to be held by the buyer subject to the seller's order, and, also, that the seller shall be entitled to receive one-half of the earnings of the machine until it is fully paid for, the seller has an option to resume the possession of it if, for any reason, the defendant's conduct is unsatisfactory, and may maintain an action of replevin to recover the machine, if a demand for possession is refused.

Error from Franklin district court; SAMUEL A. RIGGS, judge.  Opinion filed December 7, 1901.  Division one.  Reversed.

*W. S. Jenks,* for plaintiff in error.

*Benson & Harris,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin brought to recover the possession of a cider-press, of which a conditional sale had been made by the Hydraulic Press Manufacturing Company to J. H. Whetstone in July, 1895.  Among other things, the contract provided that the cider-press should remain the property of the company and subject to its order until payment in full was made, and that the company was entitled to receive one-half of the earnings of the machine until it was paid for in full.  The answer of Whetstone admitted the execution of the contract, and the evidence of the plaintiff tended to show that, although more than three years had elapsed

since the sale, only a small part of the purchase-price had been paid when this action was begun. His letters and statements, of which testimony was given in behalf of the plaintiff, showed that he was in default; that only about $150 of the debt had been paid, and that the machine was so much worn that there was little hope that payment could ever be made from its earnings.

The trial court overruled plaintiff's demurrer to the answer of the defendant, which admitted that the plaintiff held the title to the press, and that the defendant held the possession of the same subject to the plaintiff's order. The court also sustained a demurrer to the plaintiffs evidence, which, without question, made a *prima facie* case in favor of the plaintiff. In these rulings there was error.

The contract expressly provided that the ownership of the machine was to remain in the seller until fully paid for, and, while possession was to be given to the buyer, it was plainly stipulated that until payment was made and title acquired by the buyer possession was to be held subject to the seller's order. The title, therefore, remained in the company, and all rights and control incident to title, except as expressly restricted by the contract itself, and, as we have seen, the only restriction as to possession was that it was to be held by the buyer at the option of the seller.

It is urged that the provision of the contract, to the effect that the company should receive one-half of the earnings of the machine, implies a right in the defendant to retain and use it, and that such right is inconsistent with the claim that possession was to be held subject to the will and order of the company. That provision, however, does not, either in its terms or implications, negative the specific agreement of the

45—63 KAN.

parties that while the title remained in the company possession should be held by Whetstone subject to its order. Instead of providing that possession might be resumed if payment were not promptly made, or when the sellers deemed themselves insecure, as is frequently stipulated in such contracts, the parties here practically agreed that possession might be retained at the option of the company until full payment of the debt was made. The contract was conditional. It gave an option to the plaintiff, and, having the option by express terms, it was entitled to retake the possession if for any reason the defendant's conduct was unsatisfactory. But if the contract admitted of the interpretation that possession could not be retaken unless the defendant was in default, we would have no hesitation in saying that the plaintiff established the *prima facie* right of action by the proof to which the demurrer was sustained. Under the facts pleaded and proved, the plaintiff had a right to the possession of the machine, but how much should be credited on the debt due to the plaintiff, by reason of the return of the machine, cannot be determined at this time.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

Doster, C. J., Smith, Ellis, JJ., concurring.