# FALLOWS *v.* CONTINENTAL & COMMERCIAL TRUST & SAVINGS BANK, TRUSTEE IN BANKRUPTCY OF TENGWALL COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 69.   Argued November 9, 1914.—Decided November 30, 1914.

*First National Bank* v. *Staake*, 202 U. S. 141, and *Rock Island Plow Co.*
v. *Reardon*, 222 U. S. 354, followed as to the purposes of § 67-f of the
Bankruptcy Act of 1898 in subrogating the trustee to liens acquired
by creditors on assets of the bankrupt within four months of the
petitions.

Where the referee and both courts below have sustained the propriety
of subrogating the trustees to liens and no abuse of the discretion
vested in them is shown, this court accepts their action as correct.

The validity and priority of mortgage liens depend on the law of the
State.

The statutes of Illinois relating to the continuation of a lien of a mortgage on personal property have not been definitely construed by the
courts of that State; but this court sustains the construction of the
District Court and the Circuit Court of Appeals holding that the
lien of such a mortgage expires as against judgment creditors three
years after record subject to one extension for twelve months on
proceedings taken in strict conformity with the statute, and that attempts to further extend the lien are ineffective.

As between judgment creditors and the holder of a mortgage on personal property, *held* that as the lien of the mortgage had expired as
to judgment creditors under the state law prior to the entry of the
judgments, and under the state law could not be further extended,
the lien of the judgments attached if not fraudulently obtained.

Executions delivered to the sheriff for service without any instructions
to refrain from carrying out the mandate, *held*, under the circumstances of this case, to include levy.

In the absence of directions not to levy it is the duty of the officers to
obey the directions and commands of the writ.

201 Fed. Rep. 82, affirmed.

THE facts, which involve the validity and priority of
liens on property of the bankrupt of judgment creditors

and holders of notes secured by mortgage on personal property, and the construction of the laws of Illinois relating to such mortgages, are stated in the opinion.

Mr. *Herman Frank* for appellee.

Mr. *Edwin H. Cassels* for appellant, submitted:

Appellant's trust deed was invalid as against the bankrupt, and as against ordinary contract creditors, and had it not been for the entry of the order preserving the lien of the judgment creditors, and subrogating the appellee to all rights thereunder, this controversy would not have arisen. *Union Trust Co.* v. *Trumbull*, 137 Illinois, 146; *Allcock* v. *Log*, 100 Ill. App. 573; *Stewart* v. *Platt*, 101 U. S. 731; Illinois Stat. Ann., 1913, par. 6755, p. 3687.

No liens on the property of the bankrupt were created by the judgments.

All statutes which create liens must be strictly construed and anything less than the delivery of an execution to the sheriff for the purpose of demand and levy cannot operate to create a lien in favor of a judgment creditor. *Gilmore* v. *Davis*, 84 Illinois, 487; *West. Un. Storage Co.* v. *Davis*, 64 Ill. App. 452; *Hawes* v. *Cameron*, 23 Fed. Rep. 327; *Smith* v. *Irwin*, 77 N. Y. 466; *Doyle* v. *Herod*, 9 Colo. App. 257; *Williams* v. *Mellor*, 12 Colorado, 1.

The validity of the liens claimed by the judgment creditors must be decided by the law of the State of Illinois. *Rock Island Plow Co.* v. *Reardon*, 222 U. S. 354.

"Serving" and "levying" mean entirely distinct and different things.

An execution must be held by the sheriff "for levy" in order to operate to create a lien upon the personal property of the judgment creditor. *Rock Island Plow Co.* v. *Reardon*, 222 U. S. 354; *Andrews* v. *Keep*, 38 Alabama, 315; *Waterman* v. *Merrill*, 4 Vroom, 378; *Kemble* v. *Harris*, 36 N. J. L. 526; *State* v. *Hamilton*, 16 N. J. L. 153; *Harris*

v. *Rankin,* 4 Manitoba, 115; *Wood* v. *Lowden,* 117 California, 232; *Cheston* v. *Gibbs,* 13 L. J. Exch. 53.

*Peck* v. *City National Bank,* 51 Michigan, 353, distinguished, and see *Hildreth* v. *Ellice,* 1 Caines, 192.

The referee abused the discretion lodged in him by the statute in entering the order preserving the alleged liens of the judgment and in subrogating the trustee in bankruptcy to all rights thereunder, even though it be conceded that the entry of the judgment and delivery of the executions to the sheriff did create liens. Section 67-f, Bankruptcy Act of 1898; *First National Bank* v. *Staake,* 202 U. S. 141; *Thompson* v. *Fairbanks,* 196 U. S. 516; *In re Moore,* 107 Fed. Rep. 234; 5 Cyc. 367 (note); *In re Sentenne Co.,* 9 A. B. R. 648; 1 Remington on Bankruptcy, 1489; Jones on Chattel Mortgages, 5th ed., par. 138.

Appellant's claim should have been allowed as a secured claim and appellant's mortgage should have been held to be a first lien on the assets of the bankrupt. Appellant's lien should not have been postponed to the alleged liens of the judgments.

A mortgage good as between the mortgagor and the mortgagee is good also against general creditors. *Union Trust Co.* v. *Trumbull,* 137 Illinois, 146, 180; Hammon on Chattel Mortgages in Illinois, p. 50; *Allcock* v. *Foy,* 100 Ill. App. 573; *In re Antigo Screen Co.,* 123 Fed. Rep. 249; *Stewart* v. *Platt,* 101 U. S. 731.

A mortgage in Illinois on after-acquired property creates an equitable lien good as against the mortgagor and all his creditors who have not obtained liens by equitable proceedings. *Borden* v. *Croak,* 131 Illinois, 68, 75; *Morganstein* v. *Commercial Bank,* 125 Ill. App. 397; Illinois Stat. Anno., 1913, par. 7580, p. 4298; *Keller* v. *Robinson,* 153 Illinois, 458.

The debt in the case at bar became due fifteen years after the date of the bonds and mortgage. Notwithstanding this fact, the lien of the mortgage could be made

valid for four years, and appellant contends that it may be kept valid by successive renewals in accordance with the statute, until the maturity of the debt. *Fuller v. Smith*, 71 Ill. App. 576.

The provision of the statute with reference to the renewal or extension of a lien, after it once has attached to the personal property is to be liberally construed. *Cox v. Stern*, 170 Illinois, 452; *Hamilton v. Seegar*, 75 Ill. App. 599; *Fuller v. Smith*, 71 Ill. App. 576. And see *Swift v. Hart*, 12 Barb. 530; *Newell v. Warner*, 44 Barb. 258; *Nixon v. Stanley*, 33 Hun, 247; *Baker v. Becker*, 67 Kansas, 831; *Riederer v. Pfaff*, 61 Fed. Rep. 872.

*In re New York Economical Printing Co.*, 6 A. B. R. 615; *Marsden v. Cornell*, 62 N. Y. 215, distinguished.

The burden of establishing the judgment lien was upon appellee and such liens could be established in one way only, and that by showing a compliance with the statute. Such compliance appellee has not shown.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Bonds amounting to twenty thousand dollars were issued to Fallows, Trustee, by The Tengwall Company, October 7, 1905, payable fifteen years thereafter. To secure them a trust deed or mortgage covering all its personal property was executed and duly recorded in Cook County, Illinois, November 1, 1905; an affidavit for the extension of this was filed October 5, 1908; and a second one October 6, 1909. On June 3, 1910, it gave promissory notes to sundry creditors aggregating more than twenty-five thousand dollars; the same day the holders took judgments thereon by confession in the Superior Court of Cook County; executions were taken out at once and delivered to the sheriff for service, but no levy was ever made.

June 4, 1910, a petition in involuntary bankruptcy was filed against the Company; a Receiver immediately appointed took possession of its property; and an adjudication of bankruptcy followed, June 17th. The Continental & Commercial Trust & Savings Bank was duly selected as trustee August 9th, and shortly thereafter presented a petition asking that the lien created by the executions upon the judgments of June 3rd be preserved, and that it be subrogated thereto for the benefit of the estate. (Bankruptcy Act, § 67-c.) The referee held appellant's answer resisting this petition insufficient, and allowed the subrogation as prayed.

The appellant sought to have all the bonds issued to him allowed as a preferred debt, claiming that they were secured by the above-mentioned trust deed, the lien of which was good as against all the world. The trustee in bankruptcy objected upon the ground that the deed could not prevail over the execution creditors because the Illinois statute limited its effect to three years subject only to a single extension of twelve months, and even if another were possible the second affidavit for extension filed October 6, 1909, was one day too late, and therefore unavailing. The referee sustained the objection and entered an order refusing to allow a preference in favor of the bonds. The District Court approved this action, and its decree was affirmed by the Circuit Court of Appeals (201 Fed. Rep. 82). Thereupon an appeal was taken to this court.

Three assignments of error are relied upon: (1) The order of the referee undertaking to subrogate the trustee to the judgment creditors' liens was erroneous and ought not to have been approved. (2) The trust deed of October 7, 1905, constituted a valid first lien upon all the property specified therein when the bankruptcy proceedings were begun. (3) The executions issued upon judgments of June 3, 1910, created no liens upon the bankrupt's property.

Section 67-f of the Bankruptcy Act, approved July 1, 1898, *c.* 541, 30 Stat. 544, 565, is copied in the margin,[1] Its purposes have been pointed out in *First National Bank of Baltimore* v. *Staake*, 202 U. S. 141, and *Rock Island Plow Co.* v. *Reardon*, 222 U. S. 354.

The propriety of subrogating the trustee to whatever liens were acquired under the judgments has been sustained by the three tribunals below. There is no proof showing an abuse of the discretion necessarily vested in them, and we accept their action in that regard as correct.

The validity and priority of the liens in question depend on the laws of the State, and § 9, chapter 77, and §§ 1 and 4, chapter 95, of Hurd's Revised Statutes of Illinois (1913) are pertinent. They are copied in the margin.[2]

---

[1] "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: *Provided,* That nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a *bona fide* purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

[2] "§ 9. No execution shall bind the goods and chattels of the person against whom it is issued, until it is delivered to the sheriff or other proper officer to be executed; and for the better manifestation of the time, the sheriff or other officer shall, on receipt of such writ, indorse upon the back thereof the day of the month and year and hour when he received the same.

"§ 1. That no mortgage, trust deed or other conveyance of personal property having the effect of a mortgage or lien upon such property,

The provisions relative to the continuation of a mortgage after three years have not been definitely and authoritatively construed by the courts of Illinois. The Circuit Court of Appeals concluded that under them a mortgage lien expires as to judgment creditors three years after recordation, subject to one extension of twelve months from the filing of an affidavit in strict conformity with

---

shall be valid as against the rights and interests of any third person, unless possession thereof shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor, and the instrument is acknowledged and recorded as hereinafter directed; and every such instrument shall, for the purposes of this act, be deemed a chattel mortgage.

"§ 4. Such mortgage, trust deed or other conveyance of personal property acknowledged as provided in this act shall be admitted to record by the recorder of the county in which the mortgagor shall reside at the time when the instrument is executed and recorded, or in case the mortgagor is not a resident of this State, then in the county where the property is situated and kept, and shall thereupon, if *bona fide*, be good and valid from the time it is filed for record until the maturity of the entire debt or obligation, or extension thereof made as hereinafter specified: *Provided*, such time shall not exceed three years from the filing of the mortgage unless within thirty days next preceding the expiration of such three years, or if the debt or obligation matures within such three years, then within thirty days next preceding the maturity of said debt or obligation the mortgagor and mortgagee, his or their agent or attorney, shall file for record in the office of the recorder of deeds of the county where the original mortgage is recorded, also with the justice of the peace, or his successor, upon whose docket the same was entered, an affidavit setting forth particularly the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due by extension or otherwise; which affidavit shall be recorded by such recorder and be entered upon the docket of said justice of the peace, and thereupon the mortgage lien originally acquired shall be continued and extended for and during the term of one year from the filing of such affidavit, or until the maturity of the indebtedness or extension thereof secured by said mortgage: *Provided*, such time shall not exceed one year from the date of filing such affidavit."

the prescribed requirements. This conclusion harmonizes with the purpose and history of the statute, and we think is correct. The lien claimed by appellant, as against judgment creditors, therefore, did not continue after the fifth day of October, 1909, and the attempt further to extend it was ineffective. *Cook* v. *Thayer*, 11 Illinois, 617; *Porter* v. *Dement*, 35 Illinois, 478, 480; *Silvis* v. *Aultman*, 141 Illinois, 632; *Re New York Economical Printing Co.*, 110 Fed. Rep. 514; Jones on Chattel Mortgages (5th ed.), p. 287.

There is no adequate proof that the judgments against the bankrupt were fraudulently obtained. The referee found the executions were delivered to the sheriff for *service;* and appellant maintains this conclusively shows they were not "delivered to the sheriff or other proper officer *to be executed*," as required by the statute,—that "service" does not include "levy." The record discloses no instruction to the officer to refrain from carrying out the mandate of the writs, nor are there facts which clearly indicate a conditional delivery.

The Circuit Court of Appeals decided that under the circumstances of the present case the word service must be taken to include levy, saying (201 Fed. Rep. 82, 85): "In *Peck* v. *City National Bank*, 51 Michigan, 353, it is said: 'Service of an execution includes every act and proceeding necessary to be taken by the sheriff to make the money and includes the sale of the property when necessary.' The word has been defined to mean 'execution of process.' 35 Cyc. 1432. This construction seems to us reasonable in the case before us. It would be placing a strained meaning upon the transaction to hold that, when a party places an execution in the hands of a process officer, the latter is not charged with the duty, without further instructions, to proceed to make the money called for by the writ; which itself commands him to do so. In the absence of directions not to levy, it is the duty

of the officer to obey the directions and commands of the writ."

We are of opinion that the courts below properly interpreted the finding of the referee, and that the execution creditors secured valid prior liens upon the bankrupt's property. The decree is

*Affirmed.*