## GREAT WESTERN STAGE EQUIPMENT CO. et al. v. ILES.
### No. 895.

Circuit Court of Appeals, Tenth Circuit.
March 30, 1934.

Frederick G. Apt and A. R. Enfield, both of Iola, Kan., for appellants.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

On April 14, 1933, at four thirty o'clock in the afternoon, one Wolfberg, a resident of Kansas City, Missouri, filed a voluntary petition in bankruptcy in the District Court of the United States for the Western District of Missouri.

On May 1, 1933, an involuntary petition in bankruptcy was filed against the Iola Theatre Corporation of Iola, Kansas.

On May 17, 1933, the Theatre Corporation filed an answer denying it had committed the acts of bankruptcy alleged in the petition.

In 1931 the Great Western Stage Equipment Company and the A. A. Electric Machinery Company sold and delivered certain theater and electrical equipment to the Theatre Corporation. In the same year the American Seating Company sold and delivered certain seating equipment to Wolfberg for the Theatre Corporation. Each of these sales was made under a conditional sale contract which reserved title in the vendor until the purchase price had been paid in full.

Prior to the filing of the Wolfberg petition in bankruptcy, such contracts had been duly recorded in the office of the Register of Deeds of Allen County, Kansas, the county in which the property was located, in accordance with the provisions of section 58—314, R. S. Kansas 1923.

On April 14, 1933, at about eleven o'clock in the morning Frederick G. Apt, as agent of the above named vendors, took possession of all of such equipment covered by such contracts, and remained in possession thereof until April 30, 1933. At the time Apt took possession of such equipment and at the time of the hearing below, a substantial amount on the purchase price was due, owing, and unpaid under each of such contracts.

On April 29, 1933, Apt began removing such equipment from the theater building. The next morning before all of it had been removed, the sheriff of Allen County, claiming to have a tax warrant against such equipment, ordered Apt to return it to the theater building. Apt in behalf of the vendors offered to pay in full any just and lawful tax, but the sheriff rejected such offer and compelled the return of the equipment.

Carl G. Iles was appointed receiver in bankruptcy of the property of the Theatre Corporation, and on May 17, 1933, he filed his application as receiver to sell the equipment covered by such contracts, upon the ground that it was perishable property.

On May 18, 1933, the vendors filed objections to such sale, in which they alleged their conditional sale contracts, and that Apt as agent for the vendors took actual possession of such equipment thereunder prior to the institution of the bankruptcy proceedings herein and remained in possession thereof until April 30, 1933, when he was dispossessed by the sheriff of Allen County. They prayed that the application for sale be denied, and for repossession of such equipment.

On May 31, 1933, and prior to an adjudication in bankruptcy of the Theatre Corporation, the trial court entered an order herein overruling the objections of the vendors to the sale of such property, and authorizing and directing the receiver to sell it at private sale, and denying the vendors restoration of such equipment.

On June 17, 1933, the vendors filed an application in this court for the allowance of an appeal from such order under § 24b of the Bankruptcy Act (11 USCA § 47 (b), together with their assignment of errors. On June 17, 1933, this court allowed such appeal.

On July 5, 1933, the trial court entered an order in the bankruptcy proceedings of the Theatre Corporation in which it undertook to set aside all orders theretofore entered by it in such proceedings, and to consolidate the bankruptcy proceedings of the Theatre Corporation with the bankruptcy proceedings of Wolfberg pending in the District Court of the United States for Western District of Missouri. The last mentioned order was reversed by this court on November 18, 1933. 67 F.(2d) 998.

That part of the order of May 31 directing sale was an order made in a proceeding in bankruptcy,[1] and was reviewable

---

[1] Broders v. Lage (C. C. A. 8) 25 F. (2d) 288; Taylor v. Voss, 271 U. S. 176, 181, 46 S. Ct. 461, 70 L. Ed. 889.

only by an appeal allowed by this court under section 24b.[2]

That part of the order denying the restoration of the property involved an adverse claim. It was therefore made in a controversy arising in a bankruptcy proceeding,[3] and might have been reviewed by an appeal under section 24a of the Bankruptcy Act (11 USCA § 47 (a).[4]

But where the facts are undisputed or no longer questioned, the controlling questions of law presented by an order made in a controversy arising in a bankruptcy proceeding, may also be reviewed by an appeal allowed under section 24b. Taylor v. Voss, 271 U. S. 176, 183, 46 S. Ct. 461, 70 L. Ed. 889.

Since the facts in the instant case are not in dispute, it follows that the controlling questions of law arising on both phases of the order may be reviewed upon the present appeal.

The validity of such conditional sale contracts is to be determined by the local law of Kansas. Midwest Production Co. v. Doerner (C. C. A. 10) 70 F.(2d) 194, decided March 24, 1934; Clark v. Huckaby (C. C. A. 8) 28 F.(2d) 154, 157, 67 A. L. R. 1456; Etheridge v. Sperry, 139 U. S. 266, 276, 277, 11 S. Ct. 565, 35 L. Ed. 171; Martin v. Commercial National Bank, 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 441.

Under the law of Kansas, a conditional sale contract which reserves the title in the vendor until the purchase price has been paid, is valid. In the event of default by the purchaser thereunder, the vendor has the right to repossess the property. Fleck v. Warner, 25 Kan. 492; Richardson v. Great Western Mfg. Co., 3 Kan. App. 445, 43 P. 809; Hydraulic Press Mfg. Co. v. Whetstone, 63 Kan. 704, 66 P. 989. See, also, Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275.

Section 58—314, R. S. Kan. 1923, in part reads as follows:

"That any and all instruments in writing or promissory notes now in existence or hereafter executed evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchaser, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds of the county wherein the property shall be kept, and shall be entered upon the records the same as a chattel mortgage, and when so deposited shall remain in full force and effect until the amount of the same is fully paid, without the renewal of the same by the vendor."

The word creditors, as used therein, means creditors who have acquired a lien on the property. The word does not embrace mere general creditors. Campbell v. Killion, 124 Kan. 124, 257 P. 752; Youngberg v. Walsh, 72 Kan. 220, 83 P. 972; Bailey v. Baker Ice M. Co., supra.

The filing of the petition in bankruptcy subsequently to the recordation of the sale contracts created no lien which would take precedence over such contracts. In re Terrell (C. C. A. 8) 246 F. 743; Bailey v. Baker Ice M. Co., supra, page 275 of 239 U. S., 36 S. Ct. 50, 60 L. Ed. 275. The receiver therefore took such equipment subject to such conditional sale contracts, unless a creditor had acquired a lien thereupon prior to the recordation of such contracts which would inure to the benefit of the trustee in bankruptcy. See Bankr. Act, § 67f, 11 USCA § 107 (f); First National Bank v. Staake, 202 U. S. 141, 26 S. Ct. 580, 50 L. Ed. 967; Rock Island Plow Co. v. Reardon, 222 U. S. 354, 32 S. Ct. 164, 56 L. Ed. 231; Fallows v. Continental & C. T. & S. Bank, 235 U. S. 300, 35 S. Ct. 29, 59 L. Ed. 238. There being no proof of any such prior lien, we conclude that the rights of the conditional vendors were paramount to the rights of the receiver, and that the court erred in making the order of sale and in denying restoration of the equipment to the vendors.

At the time the order of July 5, 1933, was entered, an appeal to this court had been perfected from the order of May 31, 1933, and the trial court had lost jurisdiction over the latter order. The order of July 5 was therefore ineffectual, in so far as it undertook to set aside the order of May 31, 1933. United States v. Radice (C. C. A. 2) 40

[2] Quarles v. Dennison (C. C. A. 10) 45 F.(2d) 585; In re Merchants' Oil Co. (C. C. A. 10) 36 F.(2d) 655.

[3] Bryan v. Speakman (C. C. A. 5) 53 F.(2d) 463; In re Bell Motor Co. (C. C. A.

[8] 45 F.(2d) 19.

[4] Taylor v. Voss, 271 U. S. 176, 182, 46 S. Ct. 461, 70 L. Ed. 889; Bryan v. Speakman, supra.

F.(2d) 445; Rothschild & Co. v. Marshall (C. C. A. 9) 51 F.(2d) 897; Baltimore S. S. Co. v. Phillips (C. C. A. 2) 9 F.(2d) 902; Parker v. New England Oil Corp. (D. C. Mass.) 15 F.(2d) 236.

The order is reversed.