J. T. Trezona v. Chicago Great Western Railway Company, Appellant.

**Carriers:** LIMITED TICKET: *Ejecting Holder.* One who gets upon a train with a limited ticket which he knows does not, upon its face, entitle him to passage, because the time for which it purports to be valid has expired, although he thinks the limitation unreasonable, cannot recover damages for being ejected if he refuses to pay fare. He is a mere trespasser.

SAME. Where the holder of a first class ticket marked "not good after date of sale" makes no attempt to use same until a year after its date, he is not entitled to passage, without reference to whether said time limit is reasonable.

RECOVERY OF FARE PAID.  The holder of a railroad ticket who does
not use it for passage during its life for such purpose is not enti-
tled, as matter of law, to have the purchase price refunded.

**Pleading:**  WAIVER.  In an action for ejecting a person from a railway
train, a waiver of the defense that the ticket presented was, by
its terms, good only on the date of sale, must be pleaded.

*Appeal from Delaware District Court.*—HON. A. S. BLAIR,
Judge.

FRIDAY, DECEMBER 16, 1898.

ON the thirteenth day of October, 1893, the plaintiff
purchased from defendant's agent at Dubuque, Iowa, a pas-
senger ticket from Dubuque to Lamont, Iowa, paying there-
for one dollar and seventy-five cents, that being the first-class
regular fare.  Across the face of the ticket in red ink were
the words, "Not good after date of sale."  The ticket was
not offered for passage until November 17, 1894, when
plaintiff and his wife took defendant's train at Dubuque for
Lamont, and when a little out of Dubuque the conductor
asked for plaintiff's ticket, and he presented the one
described, which the conductor refused to receive, and
demanded fare, which was refused, and for failure to pay
his fare he was ejected forcibly from the train at the next
station, and only permitted to enter on payment of the regu-
lar fare, with ten cents extra.  Some additional facts will
be noticed in the opinion.  This action is for damages
because of being ejected from the train.  There was a ver-
dict and judgment for plaintiff, and the defendant appealed.
—*Reversed.*

*D. W. Lawler, D. E. Lyon,* and *D. J. Lenehan* for
appellant.

*Dunham, Norris & Stiles* for appellee.

GRANGER, J.—I.  It does not appear why the ticket
was not used on the day of its purchase, nor does it appear

that plaintiff did, on the day of the purchase, notice the limitation on the ticket, but he did know it before he took the train on the seventeenth day of November, 1894. He says he had such knowledge, but thought the provision was unreasonable, and that, as he had paid for the passage, he had a right to it, notwithstanding the provision on the ticket. The arguments in this case take a wider range than the controlling legal proposition requires. A few significant facts, first stated, will do much towards clearing the way to the particular question that controls the case. Plaintiff had no ticket that purported to entitle him to a ride on the train from which he was ejected. It expressed on its face that he had no such right. The ticket contained the only evidence of the understanding under which it issued. Hence the conclusion is manifest and certain that the plaintiff was attempting to ride on a train for which he had no ticket, and for which neither he nor the company understood the ticket to be good. He expressly says that he knew of the limitation as to time for its use, but thought it was unreasonable. His evidence shows that he thought he was entitled to the ride "without any reference to the ticket;" that he was entitled to ride, because he had paid for it. The arguments deal quite elaborately with the question whether such a limitation on a ticket is legal, the thought being that it is so unreasonable as to be against public policy. We do not think such a question is involved. It is not like a case where a ticket is apparently good on its face, as, where it is silent as to the time in which it may be used, and some rule or custom of the company limits its validity to a certain period, so that the purchaser has what he understands to be good, and what on its face appears to be so. The question that controls this case is not, did the company, because of the payment at one time of a fare, owe plaintiff a passage to Lamont, but did he present to the conductor a ticket that entitled him to such a passage? It is not sufficient that he was entitled to a passage, but he must obtain it in the way provided by the regulations

of the company, that are sustained by the law of the land. In *Ellsworth v. Railway Co., 95* Iowa, 101, we considered a question quite akin to this, except that we there dealt with the obligations of the company when a ticket, good on its face, was presented, and a rule of the company made it void. We there collated some authorities, and quoted somewhat from the discussions bearing on the rights of passengers with and without tickets entitling them to transportation on particular trains. Speaking to the question of a proper remedy, we said, in the *Ellsworth Case,* that in determining such a question we should keep in mind the difficulties to be met with and overcome in a successful management of the railway passenger traffic of the country, both as to the public and the carriers; and that to such an end it was clearly important that there should be rules for the guidance of the employes in the different parts of the service; and that such rules should be conclusive as to their course of conduct, even though at times the rule might operate to the prejudice of an individual passenger. As a conclusion of our discussion in that case, we said: "It is safe to state, as a rule of passenger traffic, that no person has a right to passage on a train without paying fare, unless a ticket or other evidence of a right to transportation is presented to the conductor." That language was used in considering what character of ticket a conductor might or might not refuse, which question was directly involved in the case. The statement is followed by a reference to cases on both sides of the proposition, being, as we there stated, not harmonious. This question, on principle, was to some extent involved and settled in *Stone v. Railway Co., 47* Iowa, 82. In that case there was a coupon ticket from Clinton to Sioux City, Iowa, the coupon first used being from Clinton to Missouri Valley. The conductor, out from Clinton, punched the coupon to Boone, Iowa, and returned it to the passenger. A conductor's check told him he must get a special check to stop over. At Marshalltown he left the train without a special check, and resumed his journey on

the train the next day, and to that conductor he presented his ticket punched, and his conductor's check. These, properly read, showed him not entitled to transportation on that train to Boone, although he had paid his fare, and had not passed over that part of the route. It is true that that case turns largely on the fact that by leaving the train in violation of regulations known to him his contract was at an end, so that he was not entitled to transportation until a new contract was made. The same is to be said in this case. By not using the ticket within the time fixed by it, his rights under the ticket were at an end, and, before he could rightfully claim a passage, he must obtain a ticket entitling him to one. For that purpose he should apply to the agent of the company authorized to issue tickets, and there urge his claim, if such he had, to a ticket, because of his former payment, and not attempt its adjustment with the conductor, whose duty it was to take up and cancel, and not to issue tickets. Had he not presented the ticket, but claimed a passage, because, more than a year before, he had purchased one, and had not used it, we assume no one would contend that he was entitled to a passage, and why? Because public policy, as well as public sentiment, would condemn a rule so palpably unreasonable. How do the cases differ? In the case assumed, the conductor may deny the passage, because he is not required to accept the word of the passenger, even though it is true. In the case at bar he presents a ticket that on its face negatives his right to a passage. In *Bradshaw v. Railroad Co.,* 135 Mass., 407, it is said: "It is a reasonable practice to require a passenger to pay his fare, or to show a ticket, check, or pass; and, in view of the difficulties above alluded to, it would be unreasonable to hold that a passenger, without such evidence of his right to be carried, might forcibly retain his seat in a car, upon his mere statement that he is entitled to a passage. If the company has agreed to furnish him with a proper ticket, and has failed to do so, he is not at liberty to assert and maintain by force his rights under this contract; but he is bound

to yield, for the time being, to the reasonable practice and requirements of the company, and enforce his rights in a more appropriate way." See, also, *McKay v. Railway Co.*, 34 W. Va. 65 (11 S. E. Rep. 737), and other cases there cited, where the rule is announced that: "As between the passenger and the conductor, the ticket is the conclusive evidence of the passenger's rights." Appellee concedes the right of the company to limit the life of a ticket, but insists that the limit must be reasonable. This ticket was held for thirteen months before there was an attempt to use it, and without determining the question of the limitation being unreasonable, it is to be said that the limitation expressed in no way operated to the prejudice of the plaintiff.

II. In this case the conductor took up the ticket, and then demanded the fare, and reliance is placed on that fact as being a waiver of the limitation, and the court instructed that the limitation on the ticket was reasonable, but that, if the company took up the same within the statute of limitations, then the passenger was entitled to ride thereon. Error is assigned on the instruction, and we dispose of the point on this theory: that the case presents no issue of waiver. The defendant pleaded the limitation of the ticket as a defense. If plaintiff relied on a waiver of the condition it must have been pleaded. *Eiseman v. Insurance Co.*, 74 Iowa, 11, and numerous cases there cited. The invalidity of the ticket, after October 13, 1893, is pleaded in the answer, and, if plaintiff desired to show a waiver of the conditions, he must, under the authorities, have pleaded it in a reply, and no reply was filed; nor does such a plea appear in the pleadings filed. It was error to instruct on the question.

III. The court gave the following instructions: "(7) You are further instructed that a railroad company has a right to make a rule that upon the issuing of every first-class ticket the use of the same is limited to the day and trip for which the ticket was purchased, and such a rule is in law reasonable. (8) But in making such a rule as is named in

the last instruction, they have no right to make one that would render the ticket absolutely void, and of no value, after the date and trip for which the ticket was issued; and such a rule, you are instructed, would be unreasonable. (9) You are further instructed that a first-class railroad ticket, when purchased, and its value limited to the day of sale and trip for which it was sold, and it is not used within that limit, does not entitle the owner, as a matter of right, to transportation after that time, but it is, nevertheless, of value to the holder during the statute of limitation, and the value of such ticket, in the absence of any other proof, is in law presumed to be the amount the purchaser paid therefor. (10) You are further instructed that a railroad company has a right to make a rule and direct its conductors to refuse to honor a ticket after the day and trip for which it was issued; and, if a conductor does do so, and collects fare from the passenger, he is in the line of his duty; and, if the passenger refuses to pay said fare on demand, then the conductor has a right to remove him from the train unless he pays full fare between the points of his travel, with ten cents added, using no more force than is necessary therefor." Exceptions were taken to those numbered 8, 9, and 10. The seventh instruction is not questioned, and must stand as the law of the case. It holds, as a matter of law, that the limitation on the ticket was reasonable, in so far as a right of passage was concerned, and with the question of waiver out of the case, there could be no recovery for the ejection from the train, for the plaintiff refused to pay his fare, and held no ticket that gave him a right of passage, and hence he was not a passenger, but a trespasser. See *Stone v. Railway Co., supra.* The 3 instructions hold, as a matter of law, that, notwithstanding the limitation was reasonable, the plaintiff might recover back the amount paid for it; that is, they hold that it would be unreasonable to make the ticket valueless if not used, and that its value would be the amount paid for it, in the absence of proof to the contrary. This must mean that

the holder of a railroad ticket, who does not use it for a passage during its life for such a purpose, is entitled, as a matter of law to have the purchase price refunded. No authority is cited to support such a rule, and we do not believe it is the law. It contravenes all general principles of the law of contracts. The contract of carriage imposed on the company an obligation to be prepared to perform the contract on its part by the equipment and operation of its train, and we do not see why, when the ticket was purchased so that the company was bound by its terms, the plaintiff was not alike bound; that is, he must accept what he has purchased, or lose it. This question received but a passing notice in argument, and we leave it without further elaboration. The judgment must be REVERSED.