AMERICAN SODA FOUNTAIN COMPANY, Appellant, v. DEAN DRUG COMPANY, Defendant, J. H. WILSON and C. M. BROWN, Appellees.

**Replevin:** CONDITIONAL SALE: BREACH OF CONTRACT: WAIVER. In
1    replevin of property sold conditionally, on the ground of breach of the contract, a waiver of performance of the condition is not · available to plaintiff unless pleaded.

**Same:** CONDITION PRECEDENT TO SUIT. Under a contract of condi-
2    tional sale pursuant to which the buyer delivered certain property in part payment, but refused to make settlement of the balance due because of the seller's failure to deliver the goods according to the terms of the contract, replevin of the property delivered at suit of the seller will not lie without first returning or offering to return the goods received by him.

**Continuance:** MODIFICATION OF ORDER FOR PAYMENT OF COSTS. It is
3    within the jurisdiction and discretion of the trial court to modify an order requiring a party to pay the expense of the

attendance of witnesses, as a condition precedent to a continuance and the right to a trial at a subsequent term, upon a showing that one of the attorneys at the time of the application for a continuance was actually engaged in the trial of a criminal case, one was attending the funeral of his mother and the other was not familiar with the case.

**Evidence:** WITHHOLDING RULING ON OBJECTION: PREJUDICE. Correspondence tending to show that plaintiff in replevin of property sold on condition was advised by defendant that the contract had not been complied with, is admissible in support of a like issue tendered in the answer; and the withholding of rulings on objections to the evidence until ruling on a motion to direct a verdict was not prejudicial to plaintiff.

**Pleadings:** AMENDMENT: DISCRETION. In an action to recover goods sold on conditional contract, to which a breach of the contract was affirmatively pleaded in defense, refusal to permit an amendment to the petition alleging waiver of the breach, after the cause was submitted on a motion to direct a verdict for defendant and the court had indicated its intention of granting it, was not an abuse of discretion.

**Replevin:** DELIVERY BOND: LIABILITY OF SURETIES FOR COSTS. A redelivery bond in replevin contemplates liability for the taking and detention of the property, and sureties thereon are not subject to a judgment for the costs of a continuance of the cause granted on application of defendant, when the defendant is found to be entitled to and is awarded the property.

*Appeal from Emmet District Court.*— HON. W. B. QUARTON, Judge.

TUESDAY, APRIL 9, 1907.

REHEARING DENIED, TUESDAY, NOVEMBER 19, 1907.

ON September 10, 1901, the defendant signed an order addressed to plaintiff in words, in so far as material, following:

Forward the following described soda water apparatus, and upon receipt of bill of lading or tender of goods, I will honor sight draft or other demand for $250 May 1st, 1902, and the balance I promise to pay in monthly sums, as follows: $30.00 per month until paid, 2 per cent. off cash; in-

terest to start May 1st, 1902, with interest at six per cent. from date of shipment with each payment, and for such balance and interest will execute and deliver contract notes of like tenor and form to the one printed on the back of this order and maturing as above set forth, and will execute such other papers as may be necessary under the laws of this state to protect the title of the American Soda Fountain Co. against all third parties, and keep the same insured until all payments are made. The delivery of said apparatus to be conditional upon the compliance with above terms and conditions; said apparatus to remain the property of the American Soda Fountain Co. until paid for. In case the American Soda Fountain Co. is to take a second hand soda water apparatus in exchange, I agree that it shall be free from all liens, and I further agree to put such apparatus in as good condition as possible, pack and ship as directed by said American Soda Fountain Co. . . . Name of apparatus and varieties of marble; also of wood and finish of top. 2 onyx bodies, St. Baume ends, onyx tablets, mirror between moulding of onyx (Rose onyx) Tuscarora top; 14 foot base; 20 foot counter, marble top and base board, same as Kehoe, all wood golden oak. All for 1250 and Tuft's App. . . . No claim will be made by me for any goods not specified herein.

The order was accepted, and an apparatus sent to the defendant differing from that ordered, in that Tennessee marble with onyx trimmings was substituted for " two onyx bodies, St. Baume ends," and in other material respects. The defendant promptly notified the plaintiff of these differences and that it declined to receive the apparatus as in compliance with the contract, and later that a serious accident had occurred, caused by an explosion due to a defect in the fount, and that an attempt would be made to hold plaintiff responsible for damages. After considerable correspondence, plaintiff on April 9, 1902, offered to make the changes necessary to comply with the order, including a refrigerator base, which would require not less than four weeks to construct, upon condition that defendant would settle immediately; that is, pay the $250 and execute the

notes for the balance, drawing interest from May 1, 1902. Other correspondence followed, and on August 9, 1902, defendant wrote:

We will not make settlement until you settle with us for damages and claims against us resulting from this explosion, and we have not received all of our apparatus yet, and your Chicago branch refuses to ship it until we waive claim for damages. We are willing to do what is right in compromise, but our attorneys think you can be held for the damages this defective fount has caused. If you still insist and refuse to settle, you can begin action against us, and we will resist with counterclaim.

Without tendering the return of the Tuft's apparatus, this action in replevin was begun and a delivery bond executed for the property. After evidence showing the facts as recited had been introduced each party moved that a verdict be directed in its favor. The motion of defendant was sustained, and a verdict returned and judgment entered accordingly. The plaintiff appeals. The sureties on the delivery bond have also appealed from a judgment against them for costs and expenses occasioned by a continuance, and the appeal is submitted with that in the main action.— *Affirmed.*

*Soper, Allen & Alexander,* for plaintiff.

*Myerly & Davidson,* for defendant and sureties.

LADD, J.— The evidence showed conclusively that plaintiff had never complied with the contract of conditional sale, for that it had not given defendant a bill of lading of or tendered the goods ordered, which, by the terms of the contract, was a condition precedent to the payment of the $250 by the defendant May 1, 1902, and the execution of the notes for the monthly payments of the balance of the purchase price and payment thereof. Until plaintiff com-

plied with its part of the contract in the above respects, there could be no breach on the part of the defendant, for until then nothing was required of it. True, a soda water apparatus was shipped to defendant, but it was not such as was ordered, in that Tennessee marble, with onyx trimmings, was substituted for " the two onyx bodies, St. Baume ends," and differed in other respects. Though defendant set up the apparatus in its store in place of the Tuft's apparatus which had been shipped to plaintiff, the latter was promptly advised of the differences, and called upon to comply with its agreement. That it did not do, and never has done.

It is suggested in argument that these differences between the apparatus as ordered and delivered were waived by the use and sale of that received, but no such issue was tendered by the pleadings. The petition alleged full performance of the contract by the delivery of all the property and breach of its conditions by the defendant in not paying the money stipulated or the execution of notes. The answer not only denied the allegations of performance by plaintiff and breach by defendant, but specifically averred that " the plaintiff has never delivered or tendered to the defendant the two onyx bodies as called for by said contract;. and defendant avers that by mutual contract entered into between the parties the plaintiff agreed in writing to deliver to defendant one fourteen-foot refrigerator base and two work boards of special design, and defendant avers that the said base and work boards have never been delivered or tendered to defendant, nor has any bill of lading therefor ever been received by this defendant;" that by reason thereof plaintiff has not complied with its contract, and is estopped from demanding " its performance by defendant." No reply was filed. The only issue raised then was whether plaintiff had performed its part of the agreement; for, if it had, the defendant was conceded to be in default. The necessity of pleading a waiver in order to render it available as an excuse

1. REPLEVIN: conditional sales: breach of contract: waiver.

for non-performance has been too frequently declared to call for the citation of authority. But see *McCoy v. Ins. Co.,* 107 Iowa, 80; *Parsons v. A. O. U. W.,* 108 Iowa, 6; *Kinkead v. McCormick Har. Mach. Co.,* 106 Iowa, 222; *Murray v. Thiessen,* 114 Iowa, 657; *Trezona v. Railway,* 107 Iowa, 22. As waiver was not pleaded, the sufficiency of the evidence for its ·support is not a proper subject for consideration on appeal.

We have a case, then, wherein the parties have entered into a contract. by the terms of which the vendee, in addition to delivering to the vendor other property in exchange, was to pay a part of the purchase price in 

2. SAME: condition precedent to suit.

cash and execute notes for the balance and in which the vendee has delivered the property in exchange as agreed, but, owing to vendor's failure to comply with his part of the contract, has refused to pay more or to execute the notes. In so refusing the vendee did not breach the contract, for he was not to pay or execute the notes until the apparatus stipulated for was delivered. The vendor alone was in default, and the sole question raised is whether, in these circumstances, he may maintain action for the possession of the property without first tendering back that which he has received. Manifestly the authorities cited by appellant to the effect that an action in replevin will lie in such a case upon performance by the vendor and default in payment by the vendee are not in point. Such remedy was not available to plaintiff owing to any breach by defendant, as there was none, and therefore the action must have failed. As the entire contract was conditioned upon the delivery of the apparatus ordered, possibly the plaintiff might have elected to rescind by tendering back the Tuft's apparatus received by it, thereby putting the vendee in *statu quo* and demanding the return of the apparatus as furnished. See *Heine Piano Co. v. Crepin,* 142 Cal. 609 (76 Pac. 493); *Richardson v. Great Western Mfg. Co.,* 3 Kan. App., 445 (43 Pac., 809);

*Brewster v. Wooster,* 131 N. Y. 473 (30 N. E., 489); 1
Mechem on Sales, section 629. No attempt was made to
do 'this, however, and the point is not decided; the action is
based on the contract, and not its rescission, and, as neither
performance by plaintiff nor a breach of the terms thereof
by defendant was proven, the court rightly held plaintiff
not entitled to recover.

II. Several motions for continuance were filed by
defendant and sustained by the court. The rulings did not
prejudice the trial in any way, but that on the application
of February 6, 1905, was conditioned on the
payment of expenses of attendance of wit-
nesses and otherwise in the sum of $260.85,
and judgment was entered therefor against de-

3. CONTINUANCE:
modification
of order for
payment
· of costs.

fendant and the sureties on the delivery bond, and
the same required to be paid prior to the next term of
court as a condition precedent to making defense. At the
April, 1905, term, defendant moved for continuance and
plaintiff for default and judgment owing to defendant's
omission to pay the above judgment. To the latter motion
defendant offered resistance on the grounds that the judg-
ment was improvidently entered; that the court was with-
out jurisdiction to enter the same against the sureties; that
the same was entered without giving defendant an election
to go to trial, and the terms were not demanded by plain-
tiff as a condition to the continuance, and for these reasons,
together with the claim that defendant was without present
means to pay the judgment, it moved that the judgment
be set aside or at least that it be so modified as not to re-
quire payment as a condition precedent to going to trial.
Thereupon the court modified the judgment as prayed,
and sustained the motion for continuance upon con-
dition that the costs of the term be paid by defendant.
It elected to proceed to trial. The plaintiff excepts to
so much of this order as modified the judgment so as to
allow defendant to proceed with the trial without paying

the judgment, and in a separate appeal, consolidated with this, the sureties on the delivery bond, J. H. Wilson and C. M. Brown, assail the validity of the judgment as against them *in toto*.

The affidavits in support of the resistance shows conclusively that one of the attorneys for defendant was actually engaged in a murder trial at the time the cause was called at the February, 1905, term of court, and that another was attending the funeral of his mother, precisely as set up in the motion for continuance then filed. No question is made but that the court had jurisdiction to modify the order, and we think that doing so was discretionary. The order of continuance, when entered, might have been made without conditions, or on the payment of expenses of the term, unaccompanied with the requirement as of time of payment, and, if so, the court in its discretion might have so modified its ruling subsequently on a proper showing during the pendency of the case. Certainly the continuance was fully justified, as the remaining attorney of defendant was not familiar with the case. Under these circumstances we think there was no such abuse of discretion in modifying the order with respect to the payment of expenses of the term as a condition precedent to making defense in the action at a subsequent term of court.

III. Certain correspondence was introduced in evidence. It was admissible as tending to show that plaintiff was advised of its omission to supply the apparatus as ordered, and that defendant had not accepted it in compliance with the contract. That the rulings on the objections were withheld until the ruling on the motion to direct a verdict could not have been prejudicial to plaintiff, as these bore directly on the issues raised by the answer.

4. EVIDENCE:
   withholding
   ruling on
   objection:
   prejudice.

IV. After the court had intimated that defendant's motion to direct a verdict in its favor would be sustained, the plaintiff offered an amendment to its petition, in sub-

stance setting up that defendant had waived compliance with

**5. PLEADINGS:**
**amendment:**
**discretion.**

the contract by plaintiff. As such omission had been affirmatively pleaded by defendant, this amendment after the evidence had been introduced came too late; at least, the trial court might well have so held. But it is said that in ruling on plaintiff's voluminous motions to strike the court had sustained them in so far as to eliminate " the equitable division " of the answer, and that plaintiff could not have known what this was intended to include until the rulings on the motions to direct. The third division of the answer was designated an " equitable defense," and was evidently that stricken. No part of the amendment to the answer, which, with the first and second divisions of that pleading, put in issue the averments of the petition, was stricken, and surely counsel must be held to have been apprised of the issues raised by the pleadings and for trial in the law forum. Especially is this true where the answer merely puts in issue the allegations of the petition. The circumstances were not such as to indicate any abuse of discretion in denying the application to amend the petition.

V. As heretofore recited, the judgment for the expenses of the term as a condition to granting a continuance was entered against the defendant in order to retain pos-

**6. REPLEVIN:**
**delivery bond:**
**liability**
**of sureties**
**for costs.**

session of the property. The sureties subsequently moved to set this judgment aside, on the ground that the right .to the possession of the property had not been adjudicated at the time of its rendition, and that they were not parties to the action, nor had they appeared, and that the court was without jurisdiction to enter such judgment. The delivery bond executed by a defendant in a suit in replevin is purely statutory. It is authorized by section 4172 of the Code, and " conditioned that he will appear in and defend the action, and deliver the property to the plaintiff, if he recovers judgment therefor, in as good condition as it was

when the action was commenced and that he will pay all costs and damages that may be adjudged against him for the taking or detention of the property; which bond shall be delivered to the officer, who shall return the property to the defendant, append the bond to the writ, return it therewith to the officer issuing it, and refer thereto in his return on the writ." Now the defendant appeared and defended the action. "Defend" is defined in Black's Law Dictionary as follows: "To contest and endeavor to defeat a claim or demand made against one in a court of justice." See *Boehmer v. Big Rock, etc., Dist.,* 117 Cal., 19 (48 Pac., 909). Surely plaintiff can have no complaint in this respect. To move for a continuance was merely an incident in the procedure, and, as the court sustained the application and did not abuse its discretion in so doing, there was no breach of the obligation to defend.

Nor was there a breach of the bond under the statute in any other respect. As plaintiff was not adjudged entitled to the possession of the property, the sureties were not required to deliver it, and, as the taking or detention of it was not wrongful, no costs or damages therefor could be adjudged against it. The costs contemplated by the statute are those which are occasioned by the taking or detention of the property in controversy, and, where plaintiff in replevin succeeds, may include costs incurred in the trial. But, where the defendant is adjudged to be entitled to possession of and is awarded the property, no costs properly can be taxed "for the taking and detention" thereof, and none were so taxed in this case. The costs and expenses occasioned by the continuance were taxed to the moving party not because of anything incident to the property or its possession, but as a matter of justice between the parties to the litigation in adjusting the pontponement of the trial. It is only when plaintiff recovers judgment for the property that the bondsmen are obligated to pay the costs and damages adjudged against defendant for its taking and detention.

As to whether notice to the sureties would be essential before judgment might be entered, in such a case as contended by defendant, see section 4179 of the Code. See, also, discussion in *McConnell v. Poor,* 113 Iowa, 133. In so far as the sections of the Code relating to a replevin bond are relied on, the contentions of plaintiff are disposed of in *Gerlaugh v. Ryan,* 127 Iowa, 226.

But plaintiff insist that, in any event, the condition of the bond was such as to render the sureties liable. The bond conforms with the statute quoted, save that, instead of stipulating for payment of " all costs and damages that may be adjudged against him (plaintiff) for taking or detention of the property," it provides that they will pay all costs and damages that " may be adjudged against them herein." No costs or damages properly might have been taxed against the sureties on the bond, and for this reason the condition of the bond is not different as to them than were it in the words of the statute. Only the costs adjudged against them are to be paid by the sureties. None could have been legally so taxed save by virtue of the statute, and, as that did not authorize this to be done as against them, the judgment for the costs was erroneous.

It follows that on the appeal of the sureties on the delivery bond the judgment of the trial court is *reversed,* and on the appeal of plaintiff the judgment is *affirmed.*