SALOMON v. NEW YORK CENT. & H. R. R. CO.    (No. 6465.)

(Supreme Court, Appellate Division, First Department.    December 4, 1914.)

1. CARRIERS (§ 253*)—TICKETS—CONDITIONS.

A condition in railroad tickets, limiting their use to the original purchaser and making them void in the hands of any one else, is valid.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1011, 1012, 1013, 1016–1018; Dec. Dig. § 253.*]

2. CARRIERS (§ 261*)—CARRIAGE OF PASSENGERS—REFUND OF PASSAGE MONEY.

A railroad company, having sold a ticket, may treat the purchase price as having been irrevocably paid, so long as it stands ready to furnish the transportation, and in the absence of statute may decline to refund it in case the ticket be not used.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1034; Dec. Dig. § 261.*]

3. CARRIERS (§ 261*)—CARRIAGE OF PASSENGERS—TICKETS—REFUND OF PURCHASE PRICE.

Penal Law (Consol. Laws, c. 40) § 1562, regulating the redemption of railroad tickets, limits the right to persons who shall have purchased the ticket from an authorized agent of a railroad company. Personal Property Law (Consol. Laws, c. 41) § 41, providing that any claim or demand may be transferred, also declares that it does not apply where the rights or liabilities of a party to a claim which is transferred are regulated by special provision of law. Independent of statute, railroad companies are not bound to redeem unused tickets. *Held*, that the redemption of tickets was regulated by special provision of law, the Penal Law recognizing the right of a railroad company to issue a nontransferable ticket, limited to the use of the original purchaser, and hence an assignee of such a ticket may not require the railroad company to redeem it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1034; Dec. Dig. § 261.*]

Submission of controversy between Walter J. Salomon and the New York Central & Hudson River Railroad Company. Judgment for defendant.

In November, 1909, Dr. Joslen, of San Francisco, arranged with Dr. Talcott, of New York, to accept a position with the former in California; Joslen agreeing to furnish transportation for Talcott and his wife from New York to San Francisco, and to pay other necessary traveling expenses. To effectuate this arrangement, on November 2d Joslen deposited with Thomas Cook & Sons, defendant's agents in San Francisco, $350; the latter agreeing to deliver to Talcott in New York City two railroad tickets, of the value of $159.50, for the transportation of Talcott and his wife to San Francisco, and to pay the remainder to Talcott in cash. Pursuant to this agreement, Cook & Sons, on November 25, 1909, delivered to Talcott the two tickets hereinafter referred to, the purchase price of which was $159.50, and paid to Talcott $190.50 in cash. The foregoing facts were unknown to the plaintiff until about December 20, 1909. These tickets are identical in form. Each is headed with the following legend: "Caution. The original purchaser of this ticket having agreed that it is nontransferable, all persons are hereby notified that any one attempting to use this ticket by imitating the signature of the original purchaser will render himself or herself liable to prosecution for forgery." In the body of each ticket is the statement that it is "good * * * for passage, subject to the following contract: In consideration of the reduced fare at which this ticket is sold, I, the undersigned, agree to and with the several companies over whose lines this ticket entitles me to be carried, as follows, to wit: * * * (5) That this ticket is not transferable, and I, the original purchaser, whose signature is hereon, will sign my name

and otherwise identify myself as such, whenever called upon to do so by any conductor, ticket collector, or agent of the line or lines over which this ticket reads; if presented by any other person than myself (the original purchaser), all title and right in or to this ticket is hereby waived, and the conductor or ticket collector to whom presented may take it up and collect fare." Other features of the contract refer to certain conditions attaching to the ticket if punched as "limited"; but, as printed in the record, no such punch appears to have been made, nor is the question of the limited or unlimited nature of the ticket important. Indorsed on the back of each ticket is the following: "This ticket good only on train No. 5 leaving New York 9:40 A. M. 11/25, 1909, and on L. S. & M. So. R. R. Train No. ——— leaving Buffalo 11/25, 1909." Talcott signed his name to each ticket on or about November 25, 1909. Instead of using the tickets, Talcott on or about December 1, 1909, pledged them to plaintiff for a loan, which was to be repaid on or about December 15, 1909, and upon the further agreement with plaintiff that, if he failed to repay, plaintiff should have the right to redeem the tickets and apply the proceeds to the payment of his loan. Talcott defaulted on his loan, and on or about December 19, 1909, plaintiff offered the tickets to defendant for redemption, which defendant refused.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Walter H. Bond, of New York City, for plaintiff.
William Mann, of New York City, for defendant.

HOTCHKISS, J. [1, 2] The controversy submitted is whether, on the foregoing facts, plaintiff is entitled to judgment for the purchase price of the tickets. I think not. Aside from the conditions of the tickets, that they were not transferable and were limited to the personal use of the original purchaser, whose name was subscribed thereto, which conditions have been held to be valid (People ex rel. Fleischman v. Caldwell, 64 App. Div. 46, 71 N. Y. Supp. 654, affirmed 168 N. Y. 671, 61 N. E. 1132; Bitterman v. Louisville & Nashville R. R. Co., 207 U. S. 205, 28 Sup. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693), I think it clear that no court has power to change the contract of the parties, or without fault on defendant's part to say that the original purchaser of the ticket or any subsequent holder thereof may refuse to avail himself of the right to the transportation evidenced thereby and demand that defendant redeem the ticket. The railroad's agreement was to furnish transportation, which agreement could not by the mere election of the ticket holder be turned into an obligation to pay back the price of the tickets on demand. Trezona v. Chicago Great Western Ry. Co., 107 Iowa, 22, 77 N. W. 486, 43 L. R. A. 136. When a railroad has sold a ticket, it has, in the absence of a statute, the right to treat the purchase price as having been irrevocably paid to it for its own uses, and, so long as it stands ready to perform its contract, it cannot at common law be deprived of the consideration money.

[3] Section 41 of the Personal Property Law has no application. This section reads:

"1—Any claim or demand can be transferred, except in one of the following cases: * * * (3) * * * This section does not apply, where the rights or liabilities of a party to a claim or demand, which is transferred, are regulated by special provision of law."

The "claim" in this instance is the claim for redemption, and at common law such a claim is unfounded. Furthermore, as I shall proceed to show, whatever right of redemption there is vests upon a statute which does not apply to this plaintiff. On this point, the words of the court in Blake v. Griswold, 104 N. Y. 613, 617, 11 N. E. 137, 138, are apposite. Applying the provisions of the Code of Civil Procedure from which section 41 of the Personal Property Law was taken, the court said:

"The 'rights and liabilities' of parties under the penal provisions of the Manufacturing Act are not only 'regulated' by special provisions of law, but are wholly created by such special provisions, and have no existence outside of the exceptional and peculiar authority and regulation of the statute. So that in the present case, as also in Brackett v. Griswold [103 N. Y. 425, 9 N. E. 438], the right of transfer given by the Code does not under the same Code give a right of enforcement to the transferee, but leaves the question of that right to the existing law."

The statute regulating the redemption of railroad tickets is section 1562 of the Penal Law. The operation of this section is expressly limited to persons "who shall have purchased a passage ticket from an authorized agent of a railroad company." It is a notorious fact that, for their own special and peculiar purposes, many railroads have for years past issued nontransferable tickets limited to the use of the original purchaser, and to make certain that the ticket should be recognized as a contract, and not as a mere token, they have printed upon the tickets provisions in the form of contract, and have required the purchaser to sign the ticket as evidence of his acceptance of the ticket as a contract, and not as a token, as was done in this instance. To my mind it is clear that the Penal Law intended to preserve and respect this regulation, which the courts have held to be reasonable, and to restrict the right of redemption to the original purchaser, and did not intend to recognize the right, at least in the case of a nontransferable ticket, of any transferee to have the ticket redeemed, and thus force upon the railroad recognition of a right expressly denied by the ticket—contract.

It follows that there should be a judgment for the defendant, with costs. All concur.