GEORGE F. THOMPSON, Respondent, *v.* NEW YORK CENTRAL
RAILROAD COMPANY, Appellant.

County Court, Niagara County, July, 1922.

Carriers — railroads — redemption of unused ticket — failure to sign
receipt or statement — evidence — Penal Law, § 1562.

Plaintiff on the same day that he purchased of defendant a ticket for a journey
on its railroad, but before the train by which he expected to travel left the
station, called at the ticket office, presented his ticket and asked to have it
redeemed. *Held,* that in an action to recover the amount paid for the ticket
the fact that plaintiff signed no receipt or statement of facts concerning the
ticket and its purchase was no defense unless he was requested so to do, and
where there is a conflict in the testimony upon that point a judgment in favor
of plaintiff will be affirmed.

Section 1562 of the Penal Law containing no provision requiring as a condition
of redemption that the purchaser of an unused railroad ticket sign a receipt
or statement of facts concerning the ticket, his refusal so to do did not justify
defendant's refusal to redeem the ticket.

APPEAL from a judgment of a Justice's Court.

Locke, Babcock, Spratt & Hollister, for appellant.

George F. Thompson, respondent in person.

HICKEY, J.   This is an appeal by defendant from a judgment
of five dollars and thirteen cents in favor of plaintiff rendered in
a Justice's Court of the town of Royalton, Niagara county.

It appears that on the 13th day of March, 1922, plaintiff pur-
chased a ticket of defendant at the Grand Central Terminal, New
York city, for Albany, and paid the sum of five dollars and thirteen
cents therefor.   On the same day, and before the train on which
he expected to travel left the station, he called at the ticket office,
presented his ticket and asked to have it redeemed.   There is a
conflict in the evidence as to what took place between the plaintiff
and the ticket agent when plaintiff presented his ticket for
redemption.   Defendant's witnesses testified that plaintiff was
presented with a form of receipt and a statement of facts concerning
the ticket and its purchase, and told to sign it if he wanted his
money back.   It appears that plaintiff did not sign a receipt or
statement and his testimony is that no receipt or other paper
was presented to him to sign, nor was he requested to sign any
receipt or statement of facts; that he was told by the ticket agent
to go to Lexington avenue; that he refused and told the agent he
would sue the company if his money was not paid back, and that
the agent refused to give him back his money.   There was thus
presented a question of fact for the justice to pass upon.   It was

Surrogate's Court, New York County, July, 1922.         [Vol. 119

for the justice to say who was telling the truth, plaintiff, or defendant's witnesses. That plaintiff signed no receipt or statement is no defense unless he was requested so to do. The justice seems to have accepted plaintiff's version that no such request was made. Such finding was not against the overwhelming weight of evidence and cannot, therefore, be disturbed. The record appears to present no other question for review.

It may not be out of place, however, to call attention to section 1562 of the Penal Law. This section provides for the redemption of unused railroad tickets and imposes a penalty on any railroad company refusing to redeem. The section contains no provision requiring, as a condition of the redemption, that the purchaser sign a receipt or statement of facts concerning the ticket purchased. Nor does it confer any authority on railroad companies to prescribe the conditions of redemption. Hence, even if plaintiff was requested to sign the receipt and statement of facts claimed by defendant's witnesses to have been presented to him, and refused so to do, it is by no means clear that such refusal justified the defendant in refusing to redeem the unused ticket in question.

Defendant has called my attention to the case of *Salomon* v. *New York Central & H. R. R. R. Co.*, 165 App. Div. 35. This authority is in no sense in point. In that case the claimant was the transferee of a ticket which embodied a contract signed by the purchaser to the effect that it was not transferable. No such state of facts is presented by the record in this case, and no claim to that effect is made.

It follows that the judgment below must be affirmed, with costs. So ordered.

Judgment affirmed.