WOODBINE SAVINGS BANK, Appellant, v. YAGER, et al, Respondents.

(234 N. W. 621.)

(File No. 6812. Opinion filed January 30, 1931.)

*Beckman & Schleher,* of Redfield, for Appellant.
*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

ROBERTS, J. Plaintiff Savings Bank appeals from an order dissolving and vacating an attachment upon the interest of defendant, Ben Yager, in certain lands in Spink county. The respondent, First National Bank of Woodbine, Iowa, instituted attachment proceedings to subject this same property to the satisfaction of its claims against the defendant Yager, and after entry of judgments in the actions in which the warrants of attachment had been procured the respondent National Bank made a motion to dissolve the attachment of appellant Savings Bank upon the ground that the sheriff failed to make the levy in the manner required by subdivision 1, § 2442, R. C. 1919; the specific alleged defects being that the sheriff in the notice of attachment did not include the amount of plaintiff's claim as stated in the warrant of attachment and did not state the names of the parties to the action. The material part of this notice of attachment is as follows:

"State of South Dakota, County of Spink,—ss.:

"In Circuit Court, Ninth Judicial Circuit. Woodbine Savings Bank, a Corporation, Plaintiff vs. Ben Yager, otherwise known as Benjamin Yager, Defendant. To Ben Yager, otherwise known as Benjamin Yager, Defendant, and David Yager, person in possession of the hereinafter described property: Take Notice that by virtue of warrant of attachment in the above entitled action, a certified copy of which is served upon you, I have levied upon the following described property."

We are called upon to determine the consequences, if any, which result from the failure of the sheriff to state the amount of the plaintiff's claim in the notice.

Section 2442, R. C. 1919, provides that "the lien of the attachment shall be effectual from the time when a levy is made in accordance" with its provisions. Subdivision 1 of this section provides that a levy under a warrant of attachment may be made "upon

real property, by the sheriff's filing with the register of deeds of the county in which the property is situated, a notice of the attachment, subscribed by him, stating the names of the parties to the action, the amount of the plaintiff's claim as stated in the warrant and a description of the property levied upon, which notice must be recorded and indexed by the register of deeds in like manner and in the same book as a notice of the pendency of an action."

"It is a well established rule that where there is a special statutory provision respecting the manner in which a levy of an execution or an attachment shall be made, it must be strictly observed, and that departure therefrom will invalidate the levy. Not only have very small irregularities in other respects been held fatal to the levy, but the courts have uniformly enforced strict observance of requirements designed to insure publicity and notoriety, and to preserve evidence of the time and circumstances of the levy. Under more recent statutes prescribing some form of written or recorded notice in addition to or as a substitute for a declaration before witnesses, strict and entire compliance with the statutory requirements has been exacted." 17 R. C. L. 199.

Section 2442, R. C. 1919, was taken by the commissioners who prepared the Revised Code of 1919 from North Dakota (section 7547 N. D. Comp. Laws 1913). Interstate Surety Co. v. Bangasser et al., 50 S. D. 618, 211 N. W. 599. The Supreme Court of North Dakota, in Zimmerman v. Boynton, 229 N. W. 3, held that the failure of a sheriff to file under this statute a notice containing a statement of the amount of plaintiff's claim rendered the attachment void.

The summons, complaint, affidavit for attachment, and warrant of attachment were on file with the clerk of courts of Spink county at the time of the filing of the purported notice of attachment in the office of the register of deeds. Appellant directs attention to the fact that the notice in question bears the title of the action to which the attachment proceedings are ancillary and that the sheriff states in this notice that he has made a levy "by virtue of a warrant of attachment in the above entitled action," and urges that the respondent bank could have ascertained the amount of plaintiff's claim from an examination of the files in the office of the clerk of courts. There is no provision in the statutes which requires a search of the records and files in the office of the clerk of courts

to obtain this information. If a sheriff may depart in one particular from the plain statutory requirements in the filing of the notice of attachment, he may do so in other particulars and this would inject an element of uncertainty as to the requirements of the statute.

We conclude, therefore, that the notice of attachment is void for the reason that it does not state the amount of plaintiff's claim. Whether or not the title of the action is a part of the notice of attachment, and the recital of the names of the parties therein constitutes a compliance with the provisions of subdivision 1 of section 2442, R. C. 1919, requiring the sheriff to state in the notice the names of the parties to the action, we do not decide.

The order appealed from is affirmed.

POLLEY, P. J., and CAMPBELL, BURCH, and BROWN, JJ., concur.