William H. TAUBERT, Plaintiff and Appellant,

v.

Jack E. ROBERTS, Snyderville Development, Inc., a Utah Corporation, and Park West Land Company, a Utah corporation, Defendants and Respondents.

No. 19718.

Supreme Court of Utah.

Dec. 21, 1987.

Ronald A. Offret, Anchorage, Alaska, for plaintiff and appellant.

James Boevers, Salt Lake City, for defendants and respondents.

ZIMMERMAN, Justice:

This is an appeal from a summary judgment upholding the validity of a sheriff's sale of real property. Appellant Taubert contends that the sale was invalid under Utah Rule of Civil Procedure 69(d) because levy occurred after the return date of the writ. We agree and reverse.

Taubert purchased some Summit County property in 1978. At that time, the property was subject to a judgment lien held by Pacific States Pipe Co. ("Pacific"). In 1979, respondent Roberts purchased Pacific's interest under the judgment lien. To satisfy the judgment, Roberts obtained a writ of execution, which was delivered to the Summit County sheriff on August 4, 1981. Under Utah Rule of Civil Procedure

69(c), the return date of a writ is no later than two months after it is delivered to the officer charged with its execution. Therefore, the return date in this case was no later than October 4, 1981.[1]

On August 13, 1981, a copy of the writ was served on Taubert at his California residence. Taubert thereafter checked the property, the court records, and the local newspaper, but found nothing further to indicate that the property was to be sold. By contacting the Summit County sheriff, he did, however, learn that a sale involving Pacific's judgment was set for October 13, 1981. Assuming that his property would be sold, Taubert sent his agent to attend the sale. The agent found that although the sale was to satisfy a portion of the same judgment, it involved a different piece of property. At that point, Taubert believed that because two months had passed since the writ was served on him, no sale of his property could occur under the August 4th writ.

On October 16th, nearly two weeks after the return date of the writ, Roberts instructed the sheriff to sell Taubert's property. Prior to that time, the sheriff had done nothing to execute the writ beyond serving a copy on Taubert. After reviewing Roberts' October 16th instruction, the sheriff posted notice of the sale on the property, at the place of the sale, and in three other public places and published notice in the local newspaper, as required by Utah Rule of Civil Procedure 69(e)(1). The sheriff's sale was held on November 13, 1981. Roberts purchased the property. Taubert was ignorant of the sale until March of the following year.

Utah Rule of Civil Procedure 69(f)(3) provides that "[t]he property may be redeemed from the purchaser within six months after the sale." Because Taubert did not learn of the sale until March of 1982, he actually had less than two months to redeem. Unable to raise the funds in time, Taubert brought suit to set aside the sale. Taubert challenged the sale on the ground that the sale was untimely under the rule. The trial

1. Utah Rule of Civil Procedure 69(c) states: "The writ ... shall be made returnable at any time within two months after its receipt by the officer."

court summarily rejected this claim as a matter of law.

Because this appeal raises only legal issues, we give the trial court's ruling no deference. *See, e.g., Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985) (citing *Betenson v. Call Auto and Equipment Sales, Inc.,* 645 P.2d 684, 686 (Utah 1982); *Automotive Manufacturers Warehouse, Inc. v. Service Auto Parts, Inc.,* 596 P.2d 1033, 1036 (Utah 1979)).

On appeal, Taubert argues that a sheriff's sale is valid only if the requirements of rule 69 have been met and that they have not been met in this case. Specifically, rules 69(c) and (d) require either that the sale occur before the return date or that the officer begin to "serve the execution" before the return date.[2] Because the sheriff's sale occurred nearly two weeks after the return date, the only issue is whether the officer had "begun to serve an execution" before the return date. Taubert argues that the sheriff had not "begun to serve an execution" because he had done nothing more than serve him with a copy of the writ; service of execution begins when the sheriff levies on the real property, and levy is accomplished only by complying with the steps set forth in rule 69(e)(1), *i.e.,* posting notice of the sale on the property, at the place of the sale, and in three public places, as well as publishing notice in the local newspaper. Because none of these steps was taken before the return date, the sale was void.

In response, Roberts argues that the sheriff had "begun to serve an execution" by serving Taubert with a copy of the writ of execution. Therefore, the sale could be held after the return date.

██ The issue we must decide is whether in a case involving real property, a levy as defined in rule 69(e)(1) must be commenced before the writ of execution return date. The resolution of this issue turns on the meaning of "serve an execution" as that phrase is used in rule 69(d). Unfortunately, rule 69(d) was poorly drafted, and

the phrase in question was an especially poor choice. Out of context, "serve an execution" might imply service of process or notice by means of serving a copy of the writ of execution on the property owner. A reading of the entire rule, however, reveals a completely different meaning. Rule 69(d) deals not with service of process, but exclusively with performance of the writ's commands. It sets forth the requirements for executing or performing the commands of the writ as follows:

(d) *Service of the Writ. Unless the execution otherwise directs, the officer must execute the writ against the property of the judgment debtor by levying* on a sufficient amount of property, if there is sufficient [property]; collecting or selling the choses in action and selling the other property, and paying to the judgment creditor or his attorney so much of the proceeds as will satisfy the judgment. Any excess in the proceeds over the judgment and accruing costs must be returned to the judgment debtor, unless otherwise directed by the judgment or order of the court. When there is more property of the judgment debtor than is sufficient to satisfy the judgment and accruing costs within view of the officer, he must levy only on such part of the property as the judgment debtor may indicate, if the property indicated is amply sufficient to satisfy the judgment and costs.

*When an officer has begun to serve an execution issued out of any court on or before the return day of such execution he may complete the service and return thereof after such return day.* If he shall have begun to serve an execution, and shall die or be incapable of completing the service and return thereof, *the same may be completed by any other officer who might by law execute the same if delivered to him*; and if the first officer shall not have made a certificate of his doings, the second officer shall certify whatever he shall find to

---

2. Rule 69(d) provides that if "an officer has begun to serve an execution ... on or before the return day ... [the officer] may complete the service and return thereof after such return day."

have been done by the first, and shall add thereto a certificate of his own doings in completing the service.

Utah R.Civ.P. 69(d) (emphasis added). The first paragraph of rule 69(d) provides that to begin execution of the writ, the sheriff must levy on the debtor's property. It provides no procedure for serving a copy of the writ on the property owner. The second paragraph also fails to provide any such procedure. Therefore, it can be interpreted only as elaborating on the requirements set forth in the first paragraph. Thus, under rule 69(d), "serving an execution" means executing a writ, which is accomplished by levying on real property.

■ Rule 69(e)(1) sets forth the steps required to levy on real property:

> Before the sale of the property on execution notice [3] thereof must be given as follows: ... in case of real property, by posting a [written notice of the time and place of sale], particularly describing the property, for 21 days, on the property to be sold, at the place of sale, and also in at least 3 public places of the precinct or city where the property to be sold is situated, and publishing a copy thereof at least 3 times, once a week for 3 successive weeks immediately preceding the sale, in some newspaper published in the county, if there is one.

A sale held after the return date is valid, therefore, only if the sheriff began posting notice of the sale on the property, at the place of sale, and in three public places, as well as publishing notice in the local newspaper before the return date.

Roberts contends that the title of rule 69(d)—"Service of the Writ"—must mean that levy is not the only act that begins the execution of the writ. He also relies on rule 69(b)'s reference to serving a copy of a writ of execution on the judgment debtor—"[t]he judgment creditor may require a certified copy of the judgment to be served with the execution upon the party against

whom the judgment was rendered"—to argue that service of execution means service of notice. Because personal service was made on Taubert before the return date, Roberts argues, execution had commenced and any later sale is valid.

■ We find Roberts' argument unpersuasive for two reasons. First, the requirement that the officer must "[begin] to serve an execution" before the return date contemplates the performance of some act that moves the sale process toward completion. Serving a copy of the judgment and the writ on the judgment debtor is entirely permissive [4] in that it is not required under rule 69(e)(1) to begin the sale process. Second, both rule 69(e)(1) and general case law indicate that real property, unlike personal property, cannot be levied on by serving a copy of the writ on the owner. Rather, the officer must take the steps required by statute to appropriate the real property for the purpose of satisfying the command of the writ. *See, e.g., Ames v. Parrott*, 61 Neb. 847, 86 N.W. 503 (1901); *Woodbine Savings Bank v. Yager*, 57 S.D. 645, 234 N.W. 621 (1931).

Roberts also argues that if a levy is the act required to begin to serve an execution, docketing and filing the judgment, which occurred prior to the return date, were effective as a levy. Under section 78–22–1 of the Utah Code, docketing and filing a judgment creates a lien on real property. Utah Code Ann. § 78–22–1 (1987). Roberts argues that a levy is an act intended to bring property within the custody of the law for the purpose of protecting a judgment creditor's interest in the property. With real property, the judgment creditor's interest cannot be protected by seizure of the property. Therefore, levy must be accomplished by a different method. Roberts argues that creating a lien by docketing and filing a judgment brings the property within the custody of the law, acts as a seizure of the property, and consequently, is a constructive levy.

---

**3.** Even if the phrase "serve an execution" as used in rule 69(d) were intended to refer to service of notice, it could refer only to the notice required for levy under rule 69(e)(1).

**4.** We do not address the circumstances under which due process may mandate service of a copy of the writ on the judgment debtor. *See Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

■ Roberts' arguments all fail to address the purpose of the rule. Subsection (c) sets forth a return date for the purpose of insuring that the execution process is completed within a reasonable time. Subsection (d) sets forth the circumstances which toll the effect of the passage of the return date: "[w]hen an officer has begun to serve an execution." The rule contemplates that an officer perform some act that starts the sale process toward completion. Docketing and filing a judgment are not acts performed by an officer. More importantly, they are not acts undertaken to bring the execution process to completion. The docketing and filing of a judgment create a lien which, unless satisfied, is valid for eight years. Utah Code Ann. § 78–22–1 (1987). Were we to accept Roberts' argument, a sheriff's sale held 7 years and 364 days after filing and docketing the judgment would be valid. To hold that a lien constitutes a levy for purposes of tolling the effect of the return date would completely eviscerate the rule. The same consequences would follow accepting the contention that personal service begins execution. It, too, does nothing to begin the sale process that results in satisfaction of the writ.

■ We hold that the steps specified by rule 69(e)(1) are necessary to levy on real property and that the execution or "service of execution" of a writ is not begun until the officer has begun to perform these steps. In this case, not one of the required steps was undertaken until after October 4th, the return date of the writ. Therefore, the sale of Taubert's property was void.

The trial court ruling is reversed.

HALL, C.J., STEWART, Associate C.J., and GEORGE E. BALLIF, District Judge, concur.

DURHAM, Justice, having disqualified herself, does not participate herein; GEORGE E. BALLIF, District Judge, sat.

HOWE, Justice: (dissenting).

The requirement of rule 69(d) that the officer must have "begun to serve an execution" contemplates the performance of some act by the officer to move the process of execution along to a conclusion. The rule does *not* specify what that act must be. However, service of an execution includes all acts necessary to complete that process, not just the levy. *See Fallows v. Continental & Commercial Trust & Savings Bank*, 235 U.S. 300, 35 S.Ct. 29, 59 L.Ed. 238 (1914).

I agree with the majority that rule 69 is poorly drafted. However, that does not justify torturing the phrase "begun to serve an execution" to force it to equate with "levy." The majority states that rule 69 must be read in its entirety to discern the meaning of the phrase "begun to serve an execution"; however, after so stating, the majority selects only portions of the rule in interpreting that phrase. Contrary to the assertion of the majority, section (b) of rule 69 cannot be summarily dismissed as describing acts that are "entirely permissive." It is not phrased in precatory language. It uses the imperatives "must" and "shall" no fewer than six times. The last sentence of that section states: "The judgment creditor may require a certified copy of the judgment *to be served with the execution* upon the party against whom the judgment was rendered...." (Emphasis added.) The fact that a creditor is given discretion in deciding whether to enclose a certified copy of the judgment does not make service of the execution on the judgment debtor discretionary.

The posting of notice so heavily relied upon by the majority cannot be deemed to satisfy the notice requirement set forth in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865, 873–74 (1950). To intimate, as does the majority, that the service of a copy of the writ to the out-of-state debtor whose address is known to the creditor was simply a discretionary act not required by rule 69 is to ignore the requirements of due process. No one can argue that posting a notice on a tree in Park City is "reasonably calculated to apprise interested parties [who reside out of state] of the pendency of the action," *Mullane*, 339 U.S. at 318, 70 S.Ct. at 659, 94 L.Ed. at 875.

Service of a copy of the writ of execution upon the debtor furthers the execution of

the writ, and therefore, such service is an act which begins that process. It is illogical and without basis in our rules to say that posting the notice would "[begin] to serve an execution" but serving a copy of the writ on the judgment debtor would not. Each is an act required by rule 69, each moves the process toward a conclusion, each provides notice that action involving the property is forthcoming, and each is sufficient to "[begin] to serve an execution." When the sheriff in the instant case caused a copy of the writ to be personally served on the debtor, he had "begun to serve [the] execution." Having begun to serve the execution before the return date of the writ, the completion of that process, including sale of the property after that date, was proper under rule 69(d).